UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN BRADLEY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TIMOTHY J. CRUZ (Individually),  )<br>MICHAEL HORAN (Individually),  )<br>FRANK J. MIDDLETON (Individually),  )<br>And OFFICE OF THE DISTRICT  )<br>ATTORNEY FOR PLYMOUTH  )<br>COUNTY,  )<br>)<br>Defendants.  )<br>) | Civil Action No. 1:13-cv-12927 |

**PLAINTIFFS' INITIAL DISCLOSURES**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1), the Plaintiff makes the following initial disclosures:

**Individuals Likely to Have Discoverable Information**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), the Plaintiff, John Bradley ("Bradley"), states that the following individuals are likely to have discoverable information he may use to support his claims:

1. Daniel Alexander. (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and /or reputation for truth and veracity)

1

2. Robin Anapol, (knowledge of Bradley's skill and collegiality. Respect for Bradley among rank and file in office. Bradley's skill as ADA. Bradley's character and/or reputation for truth and veracity. Dysfunction in office)

3. Jack Atwood, Esq. (knowledge of Bradley's skill, collegiality and character)

4. Kaitlyn Baker (knowledge of office issues including but not limited to informant cooperator malfeasance on the part of the Defendants)

5. Brenda Barnes, (knowledge of Defendants' pattern of misconduct)

6. Michelle Beatty, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

7. David Belger, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and /or reputation for truth and veracity)

8. Michael A. Bergeron, Esq., (knowledge of mismanagement of witnesses by the Plymouth County District Attorney's Office that led to jury bias. Defendants' pattern of misconduct.)

9. John Bradley of Boston, Massachusetts, (All facts and allegations set forth in the Complaint, and all damages)

10. Lisa Bradley. (Knowledge of "before and after" termination, Bradley's character and dedication to job)

11. Courtney Cahill of Plymouth County District Attorney's Office, 32 Belmont Street Brockton, Massachusetts, (Knowledge of Defendants' pattern of misconduct)

12. Mary Carroll, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

13. Honorable Richard Chin (Knowledge of Bradley's skill and collegiality. Respect for Bradley among courthouse personnel. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

14. Dan Conley, Suffolk County District Attorney, (Knowledge of mitigation of damages. Skill as prosecutor)

15. Timothy J. Cruz, District Attorney of Plymouth County District Attorney's Office, 32 Belmont Street Brockton, Massachusetts, (hereafter "Cruz"), (Knowledge of facts and allegations in Plaintiff's complaint and in Defendant's Answer)

16. Eric Drury, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

17. Mark Dunderdale, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

18. Bruce Edmands, Esq. (Knowledge of Bradley's skill and collegiality. Character and/or reputation for truth and veracity, management of Plymouth County District Attorney's Office)

19. Bruce Ferg, Esq. (Knowledge of Bradley's skill and collegiality. Character and/or reputation for truth and veracity)

20. Honorable Frank Gaziano (Knowledge of Bradley's skill and collegiality. Respect for Bradley among courthouse personnel and rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

21. Honorable John Greaney (Knowledge of Bradley's skill and collegiality. Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or

reputation for truth and veracity. Bradley's concern for legal ethics and the future of the profession as a whole)

22. Tina Green, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

23. Pat Haggan, Suffolk County District Attorney's Office, (Knowledge of mitigation of damages. Skill as prosecutor. Character and/or reputation for truth and veracity)

24. Jeanne L. Holmes, (Knowledge of Defendants' pattern of misconduct and plaintiff's skill as trial attorney)

25. Michael Horan, Chief Legal Officer of Plymouth County District Attorney's Office, 32 Belmont Street, Brockton, Massachusetts, (Knowledge of facts and allegations in Plaintiff's complaint and in Defendant's Answer)

26. Dan Hourihan, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and /or reputation for truth and veracity)

27. Jeremy Kay, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

28. Joseph Krowski, Esq. (Knowledge of Defendants' pattern of misconduct. Bradley's skill as prosecutor. Character and/or reputation for truth and veracity.)

29. Judy Lyons, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

30. Lauren McMenamy, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and /or reputation for truth and veracity)

31. Frank J. Middleton, First Assistant District Attorney of Plymouth County District Attorney's Office, 32 Belmont Street Brockton, Massachusetts, (Knowledge of all facts and allegations in Plaintiff's complaint and in Defendant's Answer)

32. Laurie Mullen, (Respect for Bradley among rank and file in office.  Bradley's skill as ADA. Character and/or reputation for truth and veracity)

33. Sean O'Brien, (Respect for Bradley among rank and file in office.  Bradley's skill as ADA. Character and/or reputation for truth and veracity)

34. Michael O'Connell, Esq. of 11 Arrow Drive, Whitman, MA, (Knowledge of information concerning the District Attorney's Office as it was run and managed by the Defendants.  Testimony consistent with his affidavit filed as an attachment to the Complaint. The impact that employee campaign contributions to Cruz had on the terms and conditions of compensation and other work conditions.  Defendants' general pattern of misconduct.)

35. Karen O'Sullivan, Esq.  (Former Assistant District Attorney), (Knowledge of information consistent with her affidavit filed as an attachment to the Complaint. The work environment at the Plymouth County District Attorney's Office and the treatment she received and witnessed when refusing to support Defendant Cruz's political operation.  Defendants' general pattern of misconduct)

36. Honorable Mary Ellen O'Sullivan (Knowledge of Bradley's skill as ADA. Character and/or reputation for truth and veracity)

37. Kevin J. Reddington of 1342 Belmont Street, Brockton, Massachusetts, (Knowledge of Bradley's skill, character and success as a trial lawyer)

38. Timothy Shyne, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity)

39. Michael Sullivan, Esq. (Knowledge of Bradley's qualifications, skill and collegiality. Character and/or reputation for truth and veracity)

40. Janet Sweeney, (Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and/or reputation for truth and veracity. Misconduct by defendants)

41. Honorable Paul Troy, (Knowledge of Bradley's skill and collegiality. Respect for Bradley among rank and file in office. Bradley's skill as ADA. Character and /or reputation for truth and veracity)

42. Geline Williams, (Knowledge of Bradley's skill and collegiality. Character and/or reputation for truth and veracity, management of Plymouth County District Attorney's Office)

43. Other Judges who have sat on cases wherein John Bradley has tried homicide cases and/or argued appeals.

## Documents and Tangible Things Relevant to Disputed Facts

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), Plaintiff states that the following documents within his possession, custody, or control may be used to support his claims. The mention of a document herein is not to be considered a stipulation as to admissibility.

1. Correspondence between Attorney Barbara Robb (hereafter "Robb") to Attorney Bret Cohen (hereafter "Cohen") concerning DA Cruz's alleged "good faith" offer regarding recommendations to potential employers between July 17, 2013 and December 6, 2013.

2. Affidavit of Karen O'Sullivan.

3. Affidavit of Michael O' Connell.

4. *The Boston Globe* Spotlight Article on Judicial Leniency in OUI cases, three parts.

5. *The Boston Globe* Article: "Public Workers Help Fill Coffers" March 5, 2013.

6. Report to the Supreme Judicial Court of Massachusetts concerning allegations of Judicial Leniency in response to *The Boston Globe's* Spotlight. October 2012

7. *The Boston Globe Report:* "97% of Worcester County Drunk Driving Bench Trials End in Acquittal." November, 2, 2012.

8. Commonwealth v. Brian Price: Defendant's Motion to Dismiss December 4, 2012. Shows that the Plymouth County District Attorney's Office misled the grand jury in relation to key witnesses.

9. Correspondence between Cruz and Bradley related *to The Boston Globe* Spotlight Piece November 17, 2011- January 11, 2011.

10. Campaign contributions made by John Bradley (or his family) to Cruz.

11. Form CDF D106: Report of Receipts from the Massachusetts Office of Campaign and Political Finance for Timothy Cruz's 2010 campaign.

12. Personnel Files from Plymouth District Attorney's Office for Bradley, all Defendants, and certain employees of the Plymouth District Attorney's Office.

13. Commendation letter from Mary Gindiokis stating how lucky she was to have Bradley assigned to her case and how she hopes her sons grow up to be like Bradley. August, 25, 2000

14. Commendation letter from June L. Shire, Victim Services Coordinator for Mothers Against Drunk Driving (MADD) stating how caring Bradley was in dealing with this matter. August, 20, 1998

15. Commendation letter from Janet M. Wallace thanking Bradley. June, 15, 1995.

16. Commendation letter from Tom Reilly to Bradley thanking him for his handling prosecuting a domestic assault case. Dated October 31, 1994.

17. Internal records (including but not limited to personnel records) held in defendant' Cruz's office.

18. Internal records of defendant Cruz's political campaigns.

19. Documents on file at office of Boston Globe.

20. Docket entries of homicide cases in Plymouth County Superior Court

## Computation of the Plaintiff's Damages

Subject to Fed.R.Civ.P. 26(e) and pursuant to Fed. R. Civ. P. 26(a)(1)(C), Plaintiff provides the following information relative to their damages as presently understood:

1. Approximately $190,000 in lost wages to date.

2. At least $72,000 in legal fees to date.

3. Deferred pension damages.

4. Bradley suffered reputational and professional harm from being wrongfully terminated from a job where he had been performing professionally and admirably for almost 20 years.

5. Emotional distress

Plaintiff reserves the right to supplement this disclosure.

Respectfully submitted:

Plaintiff,

John Bradley

By and through his attorneys,

*/s/ Robert S. Sinsheimer*_____
Robert S. Sinsheimer, BBO#464940
Michael R. Harriman, BBO#680061
SINSHEIMER & ASSOCIATES
92 State Street, 9th Floor
Boston, MA 02109
T: (617) 722-9954

DATED: August 22, 2014

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of this document by electronic filing, on August 22, 2014, to all parties that participate in the ECF system and by first class mail to all parties not listed on the ECF system.

/s/ *Robert S. Sinsheimer*

Dated: August 22, 2014