UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN BRADLEY                                    *
                                                *
                    Plaintiff,                  *
                                                *
          v.                                    *          Civil Action No. 1:13-cv-12927-IT
                                                *
TIMOTHY J. CRUZ et al.,                         *
                                                *
                    Defendants.                 *

MEMORANDUM AND ORDER

November 3, 2014

TALWANI, D.J.

I.      Introduction

        Plaintiff John Bradley filed the instant action against Defendants alleging (1) violations

of 42 U.S.C. § 1983; (2) violations of Massachusetts Civil Rights Act; (3) tortious interference

with advantageous contractual/business/employment relations; (4) breach of the covenant of

good faith and fair dealing; (5) wrongful termination in violation of public policy; and (6)

violations of the Massachusetts Whistleblower Statute.  Before the court is Defendants' Partial

Motion to Dismiss Count III of the Complaint (Against Defendant Cruz) and Count IV of the

Complaint in its Entirety [#35].  In this motion, Defendants seek to dismiss Plaintiff's claim for

tortious interference with advantageous contractual/business/employment relations (Count III) as

to Defendant Cruz, and Plaintiff's claim for breach of the covenant of good faith and fair dealing

(Count IV) in its entirety.[1]

---

[1] On a motion to dismiss, the court accepts as true the factual allegations that Plaintiff pleaded in
his complaint.  See Shaner v. Chase Bank USA, 587 F.3d 488, 490 (1st Cir. 2009).

II.     <u>Discussion</u>

    A.     *Tortious Interference*

In an action for tortious interference, the plaintiff must show that the defendant was not a party to the employment contract, as "[a] party to the contract cannot be held liable for intentional interference."  <u>Harrison v. NetCentric Corp.</u>, 744 N.E.2d 622, 632 (Mass. 2001). Where the defendant and the party to the contract are indistinguishable, a claim for tortious interference will not be permitted.  <u>See id.</u> at 632–33 ("We would do considerable damage . . . if we permitted a tortious interference claim against an individual decision maker who is indistinguishable from the corporation itself.").  Here, the statutory framework establishing the Office of the District Attorney for Plymouth County—Plaintiff's former employer—provides that "[e]ach district attorney shall . . . appoint and may, at his pleasure, remove such assistant district attorneys as are necessary to the functioning of the office of the district attorney."  Mass. Gen. Laws ch. 12, § 16.  In light of this grant of authority, Defendant Cruz, as District Attorney for Plymouth County, was indistinguishable from the party to Plaintiff's employment contract or relationship.  Accordingly, Plaintiff's tortious interference claim as to Defendant Cruz fails.

    B.     *Breach of the Covenant of Good Faith and Fair Dealing*

"[T]he implied covenant of good faith and fair dealing [is] implicit in all Massachusetts contracts, including contracts for employment at will."  <u>Harrison</u>, 744 N.E.2d at 629.  Under <u>Fortune v. Nat'l Cash Register Co.</u>, 364 N.E.2d 1251 (Mass. 1977), "an employer is accountable to a discharged employee for unpaid compensation if the employee were (sic) terminated in bad faith and the compensation is clearly connected to work already performed."  <u>Harrison</u>, 744 N.E.2d at 629 (citing <u>Fortune</u>, 364 N.E.2d at 1257–58).  This exception to the at-will employment doctrine "applies to cases in which an ousted employee can show that the

termination of his employment deprived him of compensation clearly connected to work already performed (and, thus, unjustly enriched the employer)."  Cochran v. Quest Software, Inc., 328 F.3d 1, 9 (1st Cir. 2003).  "In short, this exception is designed to preclude an employer from taking an unfair financial advantage."  Id. (citing McCone v. New Eng. Tel. & Tel. Co., 471 N.E.2d 47, 50 (Mass. 1984)).

Here, Defendants argue that because Plaintiff's pension fully vested only upon the completion of twenty years of service, such vested pension benefit is not closely related to work already performed, but is contingent upon the rendering of future services.  In Harrison, the Massachusetts Supreme Judicial Court ("SJC") confronted a similar issue where the plaintiff argued that the defendant terminated his employment in bad faith before his stock options could fully vest.  Harrison, 744 N.E.2d at 629.  There, where the plaintiff's stock agreement provided that an additional 5% of plaintiff's shares were to vest each quarter that he remained at the company until all shares were vested, id. at 626, the SJC rejected the plaintiff's claims, holding that "[h]is shares vested over time only if he continued to be employed; thus, the unvested shares are not earned compensation for past services, but compensation contingent on his continued employment," id. at 630.

Like the plaintiff in Harrison, Plaintiff's fully vested pension benefit is contingent on continued employment.  As Plaintiff avers in his complaint, he was terminated "eight months shy of reaching his twenty-year pension vesting date."  Compl. ¶ 46.  Thus, because the fully vested pension benefit was contingent upon Plaintiff's rendering of future services, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must fail.

III.    Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss Count III of the complaint against Defendant Cruz and Count IV of the complaint in its entirety is hereby GRANTED.

IT IS SO ORDERED.

November 3, 2014                                    /s/ Indira Talwani
                                                   United States District Judge