# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN BRADLEY, | ) | Civil Action No. 1:13-cv-12927 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| TIMOTHY J. CRUZ (Individually), | ) |  |
| MICHAEL HORAN (Individually), | ) |  |
| FRANK J. MIDDLETON (Individually), | ) |  |
| And OFFICE OF THE DISTRICT | ) |  |
| ATTORNEY FOR PLYMOUTH | ) |  |
| COUNTY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## PLAINTIFF JOHN BRADLEY'S MOTION TO COMPEL
## DOCUMENTS FROM THE DEFENDANTS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff John Bradley requests this Honorable Court enter an order compelling Defendants, Timothy Cruz, Michael Horan, Frank Middleton, and the Office of the District Attorney for Plymouth County (collectively the "Defendants") to produce documents requested in Plaintiff John Bradley's First Requests for the Production of Documents to the Defendants, the production of which has been met with objections. Plaintiff seeks to compel (1) the production of documents to requests No. 1, 4- 6, 19, and 20, generally concerning contributions and refusal/failure to contribute to Timothy Cruz's political campaign; and (2) the production of documents sought in requests No. 14-16; specifically, the personnel files of Michael Horan, Frank Middleton, and Bridget Middleton. The Defendants' Responses to Plaintiff's First Request for the Production of Documents are attached hereto as "Exhibit 1."

**Documents Concerning Cruz's Political Campaign Contributions**

Plaintiff requested documents concerning Timothy Cruz's campaign contributions; documents which identify and track contributions from employees; documents which identify and track employees who opt not to contribute; documents concerning solicitation of political contributions from employees; and documents concerning the Plaintiff's participation in campaign related events. (Exhibit 1; Requests No. 1, 4- 6, 19, and 20). After responding with a myriad of objections, the Defendants stated that they would produce responsive, non-privileged documents within the Defendants' control, contingent upon the entry of a protective order. In an attempt to expedite the discovery process and avoid satellite litigation, the Plaintiff agreed to a proposed protective order which this court allowed in part on January 15, 2015. To date, despite the Plaintiff's acquiescence to the Defendants' demand for a protective order, the Defendants have not produced a single document concerning Timothy Cruz's political campaign.

In compliance with Local Rule 37.1, counsel for the parties (Attorney Hill on behalf of the Defendants and Attorney Stoker on behalf of Mr. Bradley) spoke by telephone on February 23, 2015 in an effort to understand each other's position, narrow the areas of disagreement, and if possible, resolve the discovery dispute. Counsel for the Defendant stated, that to her knowledge all documents pertaining to the above requests have already been produced or are publically available on the Massachusetts Office of Campaign and Political Finance website ("MOCPF").

Perhaps, the Defendant relies upon a qualifying clause in Response No. 4 which states:

> Upon entry of a protective order in this Action, and subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants possession or control *sufficient to allow the Plaintiff to ascertain contributions made by PCDAO employees to the political campaign of Mr. Cruz*

However, the Defendants are not permitted to arbitrarily qualify which documents they will produce. Indeed, the Plaintiff is entitled to discover any non-privileged information that is

relevant to the subject matter of this case. See Fed. R. Civ. P. 26(b)(1). Furthermore, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26. Here, the requested documents are relevant to the Plaintiff's allegations of wrongful termination.

In the present matter, the Plaintiff alleges that he was impermissibly terminated from the Office of the District Attorney for Plymouth County for his failure to contribute to Timothy Cruz's political campaign. Pursuant to Fed. R. Civ. P. 26(b) and 34, the Plaintiff requested the production of documents from the Defendants that would likely lead lead to discoverable information. Specifically, documents that tend to demonstrate that the Defendants knew Bradley did not contribute to the District Attorney's campaign, that the Defendants took umbrage to the Plaintiff's decision not to contribute, and that they ultimately decided to terminate the Plaintiff based on his decision not to contribute to the campaign.

The Defendant's position, that the campaign information is publicly available, misses the point completely. The request for documents concerning Cruz's campaign is not duplicative of the information on the MOCPF website because the Plaintiff's interest in the sanitized data, listing each contribution that Cruz presents the agency, is secondary to his interest in internal memos, lists, and notes used to contemporaneously track and solicit employees' contributions. Such documents are discoverable to demonstrate the Defendant's impermissible motive for terminating the Plaintiff's employment.

In his Answer to Interrogatory No. 5 of Plaintiff's First set of Interrogatories, Cruz explained the process by which campaign contributions and refusals/failures to contribute are tracked.[1] Cruz stated that he would make a list of money received and attendees to events which

---

[1] The Answer to Interrogatory No. 5 is attached hereto as Exhibit 2.

are maintained at his residence. While Cruz admits the existence of these records, they have not been produced to the Plaintiff, despite the Plaintiff's agreement for a protective order. Further, the Defendants did not produce a Privilege Log, claiming any of the requested documents were withheld as privileged.[2]

### Personnel Files

In addition to the political campaign documents, the Plaintiff requested the personnel files of Michael Horan, Frank Middleton, and Bridget Middleton. The Defendants indicated an unwillingness to produce the personnel files and responded with numerous objections. Primarily, the Defendants have objected that the personnel files are not relevant and that production would result in a disclosure of sensitive personal information. Production of the personnel files was discussed during the aforementioned Rule 37.1 conference held on February 23, 2015. Counsel for the Defendants was resolute in her objections that the files are not relevant and refused to produce them.  The Defendant's objections are unfounded and should not stand.  Plaintiff's requests are made pursuant to Fed. R. Civ. P. 26 and 34 in the context of ongoing litigation and are narrowly tailored to seek highly relevant, discoverable evidence that is not subject to any good-faith privacy privilege.  As argued above, relevancy is broadly construed during discovery. Whittingham v. Amherst Coll., 164 F.R.D. 124, 127 (D. Mass. 1995).

The Plaintiff claims in his Complaint that he was wrongfully discharged against public policy for failing to contribute to the election campaign of his superior, District Attorney Cruz. Bradley seeks the personnel files of other employees similarly situated within the Office of the

---

[2] The Defendants have recently claimed privilege and sought to claw back two documents which they allege were inadvertently disclosed to the Plaintiff. The Plaintiff objected to the claw back on the grounds that the documents did not constitute work-product, and the documents were not inadvertently disclosed.

District Attorney of Plymouth County to establish the manner in which those employees were praised, evaluated, and disciplined. In refuting the Plaintiff's allegations, the Defendants claim that the Bradley was terminated for disparaging remarks and insubordinate behavior. However, no evidence of this behavior was added to the Plaintiff's personnel file until after his termination in September of 2012. The files of Michael Horan, Frank Middleton, and Bridget Middleton were all high ranking members of the Plymouth County District Attorney's Office who worked in close proximity with Bradley. Thus, the personnel files of Michael Horan, Frank Middleton, and Bridget Middleton, are highly relevant to demonstrate that the Defendants' explanation for Bradley's termination is merely pretext

Additionally, the Defendants believed the personnel files of Karen O'Sullivan and Michael O'Connell were relevant when they listed them in their initial disclosers. Karen O'Sullivan and Michael O'Connell are both former high ranking members of the Office of the District Attorney for Plymouth County and have expressed concerns about inappropriate pressure and retaliation against employees of the District Attorney for failure to contribute to his Campaign. [3]  Neither O'Sullivan nor O'Connell are parties to this litigation, yet the Defendants expressed no concerns regarding the relevance of the files or the disclosure of sensitive personal information when they disclosed such files. Of course, the Defendants' will likely use such files as background and material to impeach O'Sullivan and O'Connell, potential friendly witnesses for the Plaintiff, should they testify at trial. The Plaintiff is entitled to the disclosure of similar information from the Defendants, Michael Horan and Frank Middleton, as well as a likely witness for the Defendants, Bridget Middleton.

---

[3] Both Karen O'Sullivan and Michael O'Connell signed affidavits supporting the Plaintiff's claims. The Affidavits were filed along with the complaint and are attached here as Exhibit 3 and Exhibit 4 respectively.

Finally, a protective order is already in place in this matter to bar the use of sensitive or personal information in the files from use outside of this case. Thus, the Defendants would only have to designate the files as confidential to include them within the order.  This is routine where the requested records are relevant.  See, <u>Diaz v. Massachusetts Mut. Life Ins. Co.</u>, 2005 WL 1155249, *1 (Order compelling production of personnel records where relevant to issue of possible adverse employment decisions and Plaintiff's claims of discriminatory practices).  There exists more than sufficient relevance between the requested documents and Plaintiff's claims against the Defendants to warrant their discovery.

WHEREFORE:

The Plaintiff John Bradley respectfully requests that this Honorable Court issue and order compelling production of the requested discovery.

Respectfully Submitted,
PLAINTIFF

By his attorneys:

Dated: March 19, 2015

*/s/ Robert S. Sinsheimer*
Robert S. Sinsheimer, BBO #464940
Wesley B. Stoker, BBO#691259
Sinsheimer and Associates
92 State Street, 9th Floor
Boston, MA 02109
(617) 722-9954

## <u>CERTIFICATE OF RULE 37.1 COMPLIANCE</u>

I hereby certify that opposing counsel Caitie Hill and I spoke by telephone on February 23, 2015 in an attempt to resolve this discovery dispute as required by Local Rule 37.1. The details of those discussions are set out above as required by rule.

 _/s/ Wesley B. Stoker_
Wesley B. Stoker

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true copy of this document by electronic filing, on March 19, 2015, to all parties that participate in the ECF system and by first class mail to all parties not listed on the ECF system.

 _/s/ Wesley B. Stoker_