UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN BRADLEY,<br><br>          Plaintiff,<br><br>v.<br><br>TIMOTHY J. CRUZ (Individually),<br>MICHAEL HORAN (Individually),<br>FRANK J. MIDDLETON (Individually),<br>And OFFICE OF THE DISTRICT<br>ATTORNEY FOR PLYMOUTH<br>COUNTY,<br><br>          Defendants. | Civil Action No. 1:13-cv-12927 |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Rule 34.1, Defendants Timothy J. Cruz, Michael Horan, Frank J. Middleton, and the Office of the District Attorney for Plymouth County (collectively, "Defendants") hereby respond to Plaintiff John Bradley's First Request for the Production of Documents ("Requests") in the above-captioned civil action (the "Action").

## GENERAL OBJECTIONS

Defendants incorporate the following General Objections into each objection and individual response contained herein, and into each amendment, supplement, or modification to these responses

    1.    Defendants object to the Requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.

1

2. Defendants object to the Requests to the extent that the "Instructions" and/or "Definitions" section purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.

3. Defendants object to the Requests to the extent that they are vague, overbroad, duplicative, unduly burdensome, oppressive, or vexatious.

4. Defendants object to the Requests to the extent that they seek information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendants object to the Requests to the extent that they call for Defendants to supply information that is a matter of public record, publicly available, or otherwise available to Plaintiff. Plaintiff may seek such information publicly or through proper discovery processes, and to seek such information from Defendants is beyond the scope of permissible discovery and imposes an undue burden and expense on Defendants.

6. Defendants object to the Requests to the extent that they call for the disclosure of any information that constitutes, reflects, or reveals any confidential attorney-client communications or any other such communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Defendants will not produce any documents subject to such privileges or doctrines. Any production of privileged or otherwise protected documents is inadvertent and will not constitute a waiver of any claim of privilege or other protection. Defendants reserve the right to obtain the return of inadvertently produced information and to prohibit its use in any manner.

7. Defendants object to the Requests to the extent that they seek documents that contain or otherwise reveal private, confidential information not relevant to, or necessary for, this Action. Defendants will not produce documents until and unless the Court enters a protective order to preserve the confidentiality of any such documents that may be produced in this Action.

8. Defendants object to the Requests to the extent that they are not limited as to the relevant time period for this matter.

9. Defendants object to any Request seeking "all" documents on the grounds that Defendants cannot guarantee that they have located every single document responsive to a particular request. Defendants will respond to any Request seeking "all" documents by producing all responsive, non-privileged documents that can be located after a reasonable search conducted in good faith.

10. Defendants object to the Requests to the extent that they seek to require Defendants to segregate produced documents so as to identify the request or requests to which each document responds, on the grounds that this demand renders the Requests unduly burdensome, and that it seeks to impose obligations upon Defendants beyond those required by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts. Consistent with the obligations imposed by Fed. R. Civ. P. 34(b)(2)(E)(i), Defendants will produce documents as they are kept in the usual course of business.

11. Defendants object to the Requests to the extent that they require Defendants to produce a privilege log containing information inconsistent with, different from, or not required by the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.

12. Defendants object to the Requests to the extent that they seek to impose a continuing obligation upon Defendants to supplement its production beyond the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

13. Defendants object to the Requests to the extent they seek Documents that are no longer relevant because of the Court's Ruling on Defendants' Motion to Dismiss dated November 3, 2014.

14. Defendants object to the Requests to the extent they seek Documents from after the date the Complaint was filed.

15. These responses reflect Defendants' present knowledge, information, and belief, and they may be subject to change based on further discovery or on facts or circumstances that may come to Defendants' knowledge in the future.

16. Defendants' responses to the Requests are made without waiving (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility, for any purpose, of any information provided in response to the Requests; (b) the right to object on any ground to the documents produced in response to the Requests at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Requests.

17. Any indication that Defendants will produce documents in response to a Request is not to be construed as an admission or representation that any such documents exist or that any such documents are within Defendants' possession, custody or control.

18. These General Objections are hereby incorporated into each of the responses below and each request is answered subject to and without waiver of these objections.

19. In addition to these General Objections, Defendants set forth below specific objections to individual requests where appropriate, including objections that are not generally

applicable to all of the Requests. By setting forth such specific objections, Defendants do not intend to limit the General Objections set forth herein.

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

All documents identified in your Fed. R. Civ. P. 26(a)(1) Initial Disclosures and your revised Fed. R. Civ. P. 26(a)(1) disclosure.

**RESPONSE NO. 1:**

Defendants object to this Request to the extent that it seeks all documents within the general categories listed at Paragraphs 1 through 4, 6 and 7 of the Initial Disclosures; such request is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks sensitive personal identification information (*e.g.*, social security numbers), information that is publicly available, private, confidential information (on the other hand) not relevant to, or necessary for, this Action, or information that is protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce the documents that were specifically enumerated under Paragraphs 1 through 4 of the Initial Disclosures as well as responsive and non-privileged documents within Defendants' possession or control that fall under the general categories of documents listed in Paragraphs 5 through 7 of the Initial Disclosures. Defendants will produce responsive, non-privileged documents that fall under the general category of documents listed in Paragraph 6 of the Initial Disclosures only upon entry of a protective order in this Action.

**REQUEST NO. 2:**

All documents concerning the facts and allegations in Plaintiffs' Complaint.

**RESPONSE NO. 2:**

Defendants object to this request because it is vague and to the extent that it seeks information that is publicly available, already within Plaintiff's possession or control, or protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Defendants further object to this Request to the extent it seeks Documents that are no longer relevant because of the Court's Ruling on Defendants' Motion to Dismiss dated November 3, 2014. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 3:**

All documents concerning the facts and allegations in Defendants' Answers, Defendants' Partial Motion to Dismiss, and Defendants' Memorandum in Support of Partial Motion to Dismiss.

**RESPONSE NO. 3:**

Defendants object to this Request because it is vague and to the extent that it seeks information that is publicly available, already within Plaintiff's possession or control, or protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Defendants further object to this Request to the extent it seeks Documents that are no longer relevant because of the Court's Ruling on Defendants' Motion to Dismiss dated November 3, 2014. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 4:**

All documents tracking or identifying the contributions made by Plymouth County District Attorney's Office ("PCDAO") employees to the political campaign of Timothy J. Cruz.

**RESPONSE NO. 4:**

Defendants object to this Request because it is vague, overbroad, duplicative, unduly burdensome, oppressive, and vexatious. Defendants further object to this Request to the extent that it seeks publicly available information or (on the other hand) private, confidential information not relevant to, or necessary for, this Action. Upon entry of a protective order in this Action, and subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants' possession or control sufficient to allow Plaintiff to ascertain contributions made by PCDAO employees to the political campaign of Mr. Cruz.

**REQUEST NO. 5:**

All documents tracking or identifying employees of the PCDAO who did not contribute to the political campaign of Timothy J. Cruz.

**RESPONSE NO. 5:**

Defendants object to this Request because it is exceptionally overbroad and unduly burdensome, oppressive, and vexatious, insofar as it seeks every document that merely identifies a PCDAO employee who did not contribute to Mr. Cruz's campaign. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks private, confidential information not relevant to, or necessary for, this Action. Upon entry of a protective order in this Action, and subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 6:**

All documents concerning the solicitation of political contributions, or other campaign assistance, from employees of the PCDAO.

**RESPONSE NO. 6:**

Defendants object to this Request because it is exceptionally overbroad and unduly burdensome, oppressive, and vexatious, insofar as it seeks communications legally and properly sent in the regular course of running an election campaign, beyond those sent by the Defendants, and/or without any temporal restriction. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks private, confidential information not relevant to, or necessary for, this Action. Upon entry of a protective order in this Action, and subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 7:**

All email sent to or from John Bradley from April 2003 to his date of termination from the PCDAO.

**RESPONSE NO. 7:**

Defendants object to this Request because it is exceptionally overbroad and unduly burdensome insofar as it seeks more than nine years of email correspondence without regard to the nature of the correspondence or the other parties to it. In effect, Plaintiff is seeking every single email communication he ever sent or received while employed by the PCDAO; this is grossly overbroad. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 8:**

All documents concerning John Bradley's performance as a prosecutor or his performance as an employee of the PCDAO.

**RESPONSE NO. 8:**

Subject to the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 9:**

All correspondence to or from Timothy J. Cruz concerning John Bradley.

**RESPONSE NO. 9:**

Defendants object to this Request because it is overbroad and unduly burdensome insofar as it contains no temporal restriction and seeks communications without regard to the nature of the correspondence or the other parties to it. In effect, Plaintiff is seeking every single communication Mr. Cruz ever sent or received that mentions Plaintiff in any context; this is grossly overbroad. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 10:**

All correspondence to or from Michael Horan concerning John Bradley.

**RESPONSE NO. 10:**

Defendants object to this Request because it is overbroad and unduly burdensome insofar as it contains no temporal restriction and seeks communications without regard to the nature of the correspondence or the other parties to it. In effect, Plaintiff is seeking every single communication Mr. Horan ever sent or received that mentions Plaintiff in any context; this is grossly overbroad. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 11:**

All correspondence to or from Frank J. Middleton concerning John Bradley.

**RESPONSE NO. 11:**

Defendants object to this Request because it is overbroad and unduly burdensome insofar as it contains no temporal restriction and seeks communications without regard to the nature of the correspondence or the other parties to it. In effect, Plaintiff is seeking every single communication Mr. Middleton ever sent or received that mentions Plaintiff in any context; this is grossly overbroad. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Subject to

and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 12:**

All correspondence to or from Bridget N. Middleton concerning John Bradley.

**RESPONSE NO. 12:**

Defendants object to this Request because it is overbroad and unduly burdensome insofar as it contains no temporal restriction and seeks communications without regard to the nature of the correspondence or the other parties to it. In effect, Plaintiff is seeking every single communication Ms. Middleton ever sent or received that mentions Plaintiff in any context; this is grossly overbroad. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the fact that Ms. Middleton is not even a party to this Action. Defendants further object to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 13:**

A full and complete copy of John Bradley's personnel file.

**RESPONSE NO. 13:**

Defendants will produce the contents of Plaintiff's personnel file.

**REQUEST NO. 14:**

A full and complete copy of Michael Horan's personnel file.

**RESPONSE NO. 14:**

Defendants object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request because it seeks sensitive personal identification information (*e.g.*, social security numbers) and private, confidential information not relevant to, or necessary for, this Action. Subject to and without waiving these specific objections or the foregoing General Objections, no further response is required.

**REQUEST NO. 15:**

A full and complete copy of Frank J. Middleton's personnel file.

**RESPONSE NO. 15:**

Defendants object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request because it seeks sensitive personal identification information (*e.g.*, social security numbers) and private, confidential information not relevant to, or necessary for, this Action. Subject to and without waiving these specific objections or the foregoing General Objections, no further response is required.

**REQUEST NO. 16:**

A full and complete copy of Bridget N. Middleton's personnel file.

**RESPONSE NO. 16:**

Defendants object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request because it seeks sensitive personal identification information (*e.g.*, social security numbers) and private, confidential

information not relevant to, or necessary for, this Action. Defendants further object to this Request because it is vexatious, seeking personal information concerning a non-party to this Action. Subject to and without waiving these specific objections or the foregoing General Objections, no further response is required.

**REQUEST NO. 17:**

All documents concerning the decision to terminate John Bradley's employment with the PCDAO.

**RESPONSE NO. 17:**

Subject to the foregoing General Objections, Defendants will produce responsive, non-privileged documents within their possession or control.

**REQUEST NO. 18:**

All documents discussing or referencing John Bradley's pension.

**RESPONSE NO. 18:**

Defendants object to this Request because it is overbroad and unduly burdensome insofar as it lacks any temporal limitation and seeks documents regardless of the context in which they were created, sent, or received merely because they mention Plaintiff's pension. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 19:**

All documents concerning campaign donations made to Cruz by Bradley or his family.

**RESPONSE NO. 19:**

Defendants object to this Request because it seeks information already within Plaintiff's possession and because the term "his family" is undefined. In addition, to the extent this Request is duplicative of Request Nos. 4 and 6, Defendants restate and incorporate herein by reference their objections and responses to those Requests. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendant's possession or control.

**REQUEST NO. 20:**

All documents concerning John Bradley's participation in campaign related events or volunteer activities for the political campaigns of Cruz.

**RESPONSE NO. 20:**

Defendants object to this Request because it seeks information already within Plaintiff's possession. In addition, to the extent this Request is duplicative of Request No. 6, Defendants restate and incorporate herein by reference their objections and responses to that Request. Defendants further object to this Request because it seeks information that is neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendant's possession or control.

**REQUEST NO. 21:**

All documents concerning campaign contributions made to the political campaigns of Cruz by employees of the PCDAO.

**RESPONSE NO. 21:**

This Request is duplicative of Request Nos. 4, 6 and 19. Accordingly, Defendants restate and incorporate herein by reference their objections and responses to those Requests. Subject to

and without waiving these specific objections or the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendant's possession or control.

**REQUEST NO. 22:**

All documents concerning or supporting the Defendants' assertion that the Plaintiff failed to mitigate his damages.

**RESPONSE NO. 22:**

Defendants object to this Request to the extent it seeks documents that already are within Plaintiff's possession or control or that are protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Defendants are entitled by law. Subject to and without waiving these specific objections and the foregoing General Objections, Defendants will produce responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 23:**

All documents you intend to introduce into evidence at the time of trial in this matter.

**RESPONSE NO. 23:**

Defendants object to this Request because it seeks information that is premature and subject to protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(b)(5) and Local Rule 16.5. Defendants will update their response to this Request as required by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.

**REQUEST NO. 24:**

All employee handbooks and all employment policies and practices of the Plymouth County District Attorney's Office

**RESPONSE NO. 24:**

Defendants object to this Request because it is overbroad insofar as it is not limited in time and seeks documents (i.e., policies) that are neither relevant to any claim or defense in this

Action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the foregoing General Objections, Defendants will produce any *relevant*, responsive and non-privileged handbooks and policies within Defendants' possession or control.

**REQUEST NO. 25:**

All written warnings, performance improvement plans, or other employment counseling documents issued to John Bradley concerning his alleged "systematic and gross insubordination, unprofessional behavior, and declining job performance" as alleged in Defendants' Answer.

**RESPONSE NO. 25:**

Defendants object to this Request to the extent it presupposes that any written warnings, performance improvement plans, or other employment counseling are a prerequisite to termination of employment at the PCDAO. Subject to and without waiving this specific objection and the foregoing General Objections, Defendants will produce responsive and non-privileged documents within their possession or control.

**REQUEST NO. 26:**

All documents concerning John Bradley's pension including, without limitation, all records identifying contributions, start dates, and vesting schedules/dates.

**RESPONSE NO. 26:**

This Request is duplicative of Request No. 18. Accordingly, Defendants restate and incorporate herein by reference their objections and responses to that Request. Defendants further object to this Request to the extent it seeks Documents that are no longer relevant because of the Court's Ruling on Defendants' Motion to Dismiss dated November 3, 2014. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 27:**

All documents concerning memoranda or written complaints filed by Karen O'Sullivan with the PCDAO concerning Frank or Bridget Middleton.

**RESPONSE NO. 27:**

Defendants object to this Request because it is overly broad insofar as it lacks any temporal restriction and seeks documents that are neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request because it is clearly vexatious; for example, Ms. Middleton is not even a party to this Action. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce *relevant*, responsive and non-privileged documents within Defendants' possession or control.

**REQUEST NO. 28:**

All responsive documents prepared by Frank or Bridget Middleton concerning memoranda or written complaints filed by Karen O'Sullivan with the PCDAO concerning Frank or Bridget Middleton.

**RESPONSE NO. 28:**

Defendants object to this Request because it is overly broad insofar as it lacks any temporal restriction and seeks documents that are neither relevant to any claim or defense in this Action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request because it is clearly vexatious; for example, Ms. Middleton is not even a party to this Action. Subject to and without waiving these specific objections or the foregoing General Objections, Defendants will produce relevant, responsive and non-privileged documents within Defendants' possession or control.

Respectfully submitted,

TIMOTHY J. CRUZ, MICHAEL HORAN, FRANK J. MIDDLETON, and the OFFICE OF THE DISTRICT ATTORNEY FOR PLYMOUTH COUNTY

Defendants,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

By: /s/ *Bret A. Cohen*
Bret A. Cohen (BBO # 637830)
Robert O. Sheridan (BBO # 673829)
Special Assistant Attorneys General
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
bcohen@mintz.com
rsheridan@mintz.com

Dated: November 17, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the attorney of record for each party by courier and electronic mail on November 17, 2014.

By: _____/s/ Bret A. Cohen_____

Dated: November 17, 2014

19

33767107v.2