**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

John Bradley,
    Plaintiff,

    v.                                                       Civil Action No. 1:13-cv-12927-IT

Timothy J. Cruz et al.,
    Defendants.

**Revised Scheduling Order**

**TALWANI, D.J.**

      On May 13, 2015, the court allowed the parties' <u>Joint Motion to Stay Proceedings Pending Mediation</u> [#66], in which the parties requested that, in the event that mediation on May 27, 2015 was unsuccessful, the court extend the deadline for completion of fact discovery as well as all subsequent deadlines by sixty days from the final date of mediation.  In light of this order and Plaintiff's recent letter informing the court that mediation was unsuccessful, the following deadlines are hereby set in the above-referenced case.

Timetable for Discovery and Motion Practice

1. **Fact Discovery – Final Deadline.** All discovery, other than expert discovery, must be completed by August 3, 2015.

2. **Expert Discovery.**

    a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by September 3, 2015.

    b. Plaintiff(s)' trial experts must be deposed by October 17, 2015.

    c. Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by October 17, 2015.

    d. Defendants(s)' trial experts must be deposed by December 3, 2015.

3. **Dispositive Motions.**

   a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by February 3, 2016.

   b. Oppositions to dispositive motions must be filed within thirty (30) days following service.

Procedural Provisions

1. **Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. **Status Conferences.** Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

4. **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.

5. **Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

**Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

                                        Indira Talwani,
                                        United States District Judge
Date: June 3, 2015              By: /s/ Gail A. MacDonald Marchione
                                        Courtroom Deputy Clerk