UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BRADLEY,<br><br>                     Plaintiff,<br><br>      v.<br><br>TIMOTHY CRUZ, et al.,<br><br>                   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>   CIVIL ACTION<br>   NO.  1:13-cv-12927-IT |

**MOTION OF BOSTON GLOBE MEDIA PARTNERS, LLC
TO INTERVENE FOR PURPOSE OF BEING HEARD ON MOTION TO MODIFY
PROTECTIVE ORDER**

Boston Globe Media Partners, LLC, publisher of The Boston Globe (the "Globe") hereby moves to intervene in these proceedings for the limited purpose of being heard in support of plaintiff's Motion to Modify Protective Order.  As grounds for its motion, the Globe states as follows:

1.      This case involves charges and counter-charges of official misconduct by public officials employed by the Office of the District Attorney for Plymouth County.  See Complaint at 1; Answer at 1-2.

2.      The protective order in this case prohibits the disclosure of the deposition transcripts and exhibits of the parties when designated as "Confidential Material" or "Highly Confidential Material."  *See* Dkt. #55 and #56.

4.      A non-party to an action such as the Globe has standing to request modification of a protective order and must file a motion to intervene in order to be heard on such a request. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988).

5.      As the First Circuit has recognized, "[t]here is the potential for an infringement of the first amendment whenever the government prohibits or restrains free speech or publication." *Anderson v. Cryovac*, 805 F.2d 1, 6 (1st Cir. 1986).   Accordingly, "first amendment considerations cannot be ignored in reviewing discovery protective orders." *Id.* at 7.  Moreover, "[a]s a general proposition, pre-trial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings.'" *Public Citizen*, 858 F.2d at 790. *See generally Miller v. City of Boston*, 549 F. Supp. 2d 140, 141-42 (D. Mass. 2008)

6.      Because plaintiff's Motion to Modify the Protective Order implicates the First Amendment interests of members of the public and the press, the Globe requests that it be allowed to intervene in this action for the limited purpose of being heard on the Motion to Modify.

WHEREFORE, Globe Newspaper Company, Inc. requests that:

1.      The Court grant the Globe's Motion to Intervene for the purpose of being heard on the Motion to Modify the Protective Order;

2.      The Court grant the Globe's Motion to Modify the Protective Order so as to permit public disclosure of deposition transcripts and exhibits of the parties and any other public officials deposed in the case; and

3.      The Court enter such other relief as is just and proper.

**GLOBE NEWSPAPER COMPANY,
INC.,**

By its attorneys,

/s/ Jonathan M. Albano
Jonathan M. Albano, BBO #013850
jonathan.albano@morganlewis.com
Emma D. Hall, BBO #652170
emma.hall@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
617-951-8000

Dated: August 19, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 19, 2015.

/s/ Jonathan M. Albano, BBO #013850
jonathan.albano@morganlewis.com