UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN BRADLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:13-cv-12927-IT |
| | * | |
| TIMOTHY J. CRUZ et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

October 9, 2015

TALWANI, D.J.

Before the court is Boston Globe Media Partners, LLC's ("the Globe") Motion to Intervene for Purposes of Being Heard on Motion to Modify Protective Order [#91].  For the reasons set forth below, the court allows the motion to intervene for this limited purpose and denies the motion to modify the protective order.  The court further responds to the motion by issuing a redacted copy of the court's July 22, 2015 Order sealing portions of deposition transcripts and declining to modify the terms of that order.

I.    Background

Plaintiff John Bradley's ("Bradley") complaint alleges that he was fired from the Plymouth County District Attorney's Office because he refused to support Defendant Cruz's ("Cruz") re-election campaign for District Attorney and engaged in whistleblowing activities. See Compl. [#1].

On January 13, 2015, the parties filed a Joint Motion to Approve Proposed Protective Order [#55], which the court allowed on January 15, 2015.  See Order [#56].  In relevant part,

the stipulated protective order (the "Protective Order") [#55-1] allows any party to designate

materials produced during discovery, including sections of deposition transcripts, as

"Confidential" or "Highly Confidential" and restricts what the parties may do with information

that is so designated.  See Protective Order ¶¶ 2, 3, 4.  Generally, the Protective Order prohibits

disclosure of "Confidential Material" to most third parties, and prohibits disclosure to "Highly

Confidential Material" to an even larger class of individuals.  Id. ¶¶ 3(b), (c).  The Protective

Order defines these terms as follows:

> Confidential Material: Non-public Discovery Material in the possession of a Party
> that the Party or person producing believes in good faith contains confidential,
> personal, or non-public Discovery Material in the possession of a Party
> concerning which said Party has a legal or otherwise written obligation of
> confidentiality to a third party or person.
>
> Highly Confidential Material:  Confidential Material that the Party or person
> producing believes in good faith contains information that concerns confidential
> informants.

Id. ¶¶ 1(c), (d).

The Protective Order further provides that a party seeking to file material designated as

"Confidential" or "Highly Confidential" with the court may do so only if the party

contemporaneously files a motion to impound that states "the earliest date on which the

impounding order may be lifted, or a statement, supported by good cause, that the material

should be impounded until further order of the Court."  Id. ¶ 5(a).  Additionally, the Protective

Order states that, in considering a motion for impoundment, the court is not bound by the parties'

designation of material as "Confidential" or "Highly Confidential," and that "any such

designation shall not create a presumption that documents so designated are entitled to

confidential treatment pursuant to Fed. R. Civ. P. 26(c)."  Id. ¶ 5(c).[1]

---

[1] The Protective Order provides several other provisions that are not relevant to the instant
motion.

On June 11, 2015, Bradley filed a <u>Motion for Leave to File Forthcoming Motion to Compel under Seal</u> [#71], effectively, a motion for impoundment.  The motion states that although Bradley believed he had a good faith basis for posing certain questions to Cruz during deposition, Bradley recognized that the subject matter of those questions involved "serious allegations against one of the Defendants," and that "[b]ecause of the incendiary nature of the allegations, the mere filing of the forthcoming motion without it being sealed could arguably cause undue embarrassment and might be unfair should the allegations turn out to be false." Pl.'s Mot. Leave File Forthcoming Mot. Compel Under Seal 2 [#71].  The next day, Defendants filed a <u>Response to Plaintiff's Motion for Leave to File Forthcoming Motion to Compel and Request to File All Responsive Pleadings under Seal</u> [#72].  Defendants' response sought an order directing all papers related to the motion to compel to be filed under seal, including their own forthcoming cross-motion for a protective order.  The court granted both motions to file under seal on June 16, 2015.  <u>See</u> Electronic Order [#73].  Bradley's <u>Motion to Compel</u> [#75] and <u>Memorandum in Support</u> [#76] were thus filed under seal on June 17, 2015, and Defendants' <u>Opposition and Cross Motion for Protective Order</u> [#79] was filed under seal on July 1, 2015. On July 22, 2015, the court issued a <u>Sealed Order</u> [#85], a redacted copy of which is now available on the public docket.  <u>See</u> Order [#102].  As set forth in that Order, the court permitted Bradley to continue certain questioning of Cruz as to the subject matter described in the motion to compel.  <u>Id</u>. at 2.  The court noted Cruz's concerns, however, as to the relevance and purpose of the questioning, and addressed those issues by ordering that sections of Cruz's deposition transcript related to the subject matter described in the motion to compel be maintained under seal pending further order of the court.  <u>Id.</u> at 2.

On August 19, 2015, the Globe filed a <u>Motion to Intervene for the Purposes of Being</u>

Heard on the Motion to Modify the Protective Order [#91].  Defendants filed an Opposition

[#94] on September 2, 2015.  Bradley filed a Notice in Response to Motion to Intervene [#98]

informing the court that he does not oppose the Globe's motion.  The court held a hearing on the

motion on October 8, 2015.

    II.    Discussion

The Globe's motion seeks to intervene in order to be heard on its motion to modify the

Protective Order.   A non-party may have standing to intervene in order to request modification

of a protective order, Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 783-84 (1st Cir. 1988), and

here, where no party opposes the motion to intervene, it is allowed for this limited purpose.

The Globe's motion does not challenge the general validity of the Protective Order but

seeks modification of the Protective Order "so as to permit public disclosure of deposition

transcripts and exhibits of the parties and all other public officials."  Intervenor's Mem. Supp.

Mot. Modify Protective Order 1 [#92].   The disclosure sought appears to be of material sealed

pursuant to the court's July 22, 2015 Order, not pursuant to the Protective Order.  Accordingly,

the motion to modify the Protective Order is denied.

The court also declines to modify the protective order contained within the July 22, 2015

Order.  The first amendment is not offended by discovery protective orders where (1) there is a

showing of good cause as required by Rule 26(c); (2) the restriction is limited to the discovery

context; (3) and the order does not restrict the dissemination of information obtained from other

sources.   Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986), citing Seattle Times, Co. v.

Rhinehart, 467 U.S. 20, 37 (1984).  Rule 26(c) provides that a court may "for good cause, issue

an order to protect a party or person from annoyance, embarrassment, oppression or undue

burden or expense. . . ."  Fed. R. Civ. P. 26(c).

Here, the court found good cause for the protective order in light of the possibly limited relevance of the inquiry and the potential for improper purpose.  As set forth above, the questions that Bradley sought to pose to Cruz concerned "serious" and "incendiary" allegations pertaining to conduct that could "turn out to be false."  Pl.'s Mot. Leave to File Forthcoming Mot. Compel Under Seal 2 [#71].  Bradley acknowledged that release of information about the allegations could cause undue embarrassment, which would be particularly unfair if the allegations proved not to be true.  Id.

The sealing restriction remains in place pending further order of the court.  At this juncture, where no party has sought to file material from the sealed deposition with the court, the sealing is limited to the discovery context.  The order also does not restrict the dissemination of information obtained from other sources.

III.    Conclusion

For the foregoing reasons, the Globe's Motion to Intervene for the Purpose of Being Heard on Motion to Modify Protective Order [#91] is ALLOWED IN PART, DENIED IN PART.

IT IS SO ORDERED.

Date: October 9, 2015                              /s/ Indira Talwani
                                                   United States District Judge