# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

JOHN BRADLEY,

                Plaintiff,

v.

TIMOTHY J. CRUZ (Individually),
MICHAEL HORAN (Individually),
FRANK J. MIDDLETON (Individually),
AND THE OFFICE OF THE DISTRICT
ATTORNEY FOR PLYMOUTH
COUNTY,

                Defendants.
_____

Civil Action No. 1:13-cv-12927-IT

**<u>ORAL ARGUMENT REQUESTED</u>**

## <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

### <u>INTRODUCTION</u>

Pursuant to Fed. R. Civ. P. 56 and Local Rules 56.1 and 7.1, Defendants Timothy J. Cruz ("D.A. Cruz" or the "D.A."), Michael Horan, Frank J. Middleton, and the Office of the District Attorney for Plymouth County (the "Office") submit this Motion for Summary Judgment (the "Motion"). Plaintiff John Bradley failed to meet his burden to show that the adverse employment actions he experienced at the Office stemmed from anything but his openly disrespectful and insubordinate behavior towards D.A. Cruz and the Office. This Court should therefore grant summary judgment in favor of Defendants on all of the remaining counts in this case.

The grounds for this Motion are set forth in greater detail in Defendants' Memorandum of Law ("Memorandum of Law") filed herewith. Most significantly, the record shows that the adverse employment actions Mr. Bradley experienced at the Office had nothing to do with his

political or whistleblowing activities, and everything to do with his insubordinate and disrespectful behavior towards D.A. Cruz and the Office.

<strong><u>BRIEF DESCRIPTION OF THE FACTS AND THE LAW</u></strong>

In short, the record shows that Mr. Bradley stopped speaking to Mr. Middleton, the First Assistant District Attorney, in 2006. In January 2011, Mr. Bradley "sat out" of a senior staff meeting and, in plain view of his colleagues, stood in a doorway and rolled his eyes as the D.A. reviewed office policies with his staff. This same month, Mr. Bradley used the office email system to undermine and mock D.A. Cruz by referring to him as a "wimp" in an email to another prosecutor in the office. In November 2011, Mr. Bradley rebuked a simple and direct instruction from D.A. Cruz with an email telling the D.A. that he could start "showing him more respect in the future" and that Mr. Bradley was not the D.A.'s "child" (hereinafter the "I am not your child email").

Upon receipt of the "I am not your child email," D.A. Cruz knew that Mr. Bradley could not remain in the office given his open disrespect. On November 21, 2011, shortly after Mr. Bradley sent this email, D.A. Cruz met with Mr. Bradley concerning his future in the Office and Mr. Bradley offered no apologies for his behavior. During this meeting, D.A. Cruz determined that it was in the best interests of the Commonwealth and victims' families to allow Mr. Bradley to finish the prosecution of two long-pending homicide cases. On September 28, 2012, three days after Mr. Bradley completed the prosecution of the last of these two cases, D.A. Cruz terminated Mr. Bradley's employment.

Because the adverse employment actions Mr. Bradley experienced at the Office occurred as a result of Mr. Bradley's insubordination and open and profound disrespect towards the D.A. and the Office (and for no other reason), Mr. Bradley's § 1983 (Count I), Massachusetts Civil Rights Act ("MCRA" (Count II)), and Wrongful Termination (Count V) claims fail, mandating

summary judgment in favor of the Defendants on these counts.  In addition, Mr. Bradley cannot maintain his § 1983 claim against Mr. Middleton and Mr. Horan for the independent reason that the record shows that neither individual had any authority to terminate Mr. Bradley or affect his employment in any way.  Mr. Bradley's MCRA claim similarly fails because Mr. Bradley cannot demonstrate the type of interference by threats, intimidation, or coercion that Massachusetts courts require to substantiate such a claim.

Next, the Court should grant summary judgment in favor of Mr. Horan and Mr. Middleton on Mr. Bradley's claim for tortious interference (Count III) because the record shows that the Defendants acted without malice and in the legitimate corporate interests of the Office[1].  As described in more detail in the accompanying Memorandum of Law: (1) the D.A. allowed Mr. Bradley to complete the two long –pending homicide cases despite Mr. Bradley's openly disrespectful and grossly insubordinate behavior; (2) the D.A. permitted Mr. Bradley to collect his full salary during his last ten months in the office, despite his reduced professional responsibilities during this time period; (3) Mr. Horan, with the D.A.'s blessing, delivered the news concerning Mr. Bradley's termination so that Mr. Bradley could hear this information from a friend; and (4) the D.A. repeatedly offered (both before and after Mr. Bradley's termination) to help Mr. Bradley obtain a position outside the Office, including at the Worcester District Attorney's Office (where Mr. Bradley now works).  Lacking the necessary malice, Mr. Bradley's tortious interference claims against Mr. Horan and Mr. Middleton cannot withstand summary judgment scrutiny.

Finally, Mr. Bradley's "whistleblower" claim (Count VI) fails because: (1) he did not actually blow the whistle on anything; (2) his alleged concerns about the adjudication of cases

---

[1]     On November 3, 2014, this Court dismissed Count III as to D.A. Cruz and also dismissed Count IV—Plaintiff's claim of breach of the covenant of good faith and fair dealing—in its entirety.  (Docket No. 48.)

involving drivers operating under the influence ("OUIs") implicated the conduct of the judiciary

and not that of his employer, the Office; (3) the D.A. addressed Mr. Bradley's OUI concerns

when he first raised them; (4) Mr. Bradley never disclosed his alleged concerns about

cooperating witnesses ("CWs"); and (5) Mr. Bradley engaged in and authorized the very

behavior complained of CWs.  Absurdly, Mr. Bradley had the temerity to cite the example of a

particular CW whom he considered a "major risk," yet when pressed in his deposition, Mr.

Bradley admitted that *he actually signed* the memorandum of understanding concerning this CW.

Defendants are accordingly entitled to summary judgment on Mr. Bradley's

whistleblower claim and because this claim is "without any basis in law or fact," Defendants also

request an award of attorney's fees accrued in defense of this claim pursuant to G.L. c. 149, §

185(e)(1)[2].

## CONCLUSION

By statute, Mr. Bradley served at the pleasure of D.A. Cruz, such that by law, the D.A.

could remove Mr. Bradley from his position for any reason so long as the reason was not illegal.

After extensive discovery, including 11 depositions (of which Mr. Bradley took nine), Mr.

Bradley failed to adduce competent evidence in support of his claims against a sitting public

official, senior members of his staff, and the office that employed Mr. Bradley for the majority of

his professional life.  The record shows that Mr. Bradley's disrespectful and insubordinate

behavior led to the adverse employment actions he experienced at the Office—actions taken

under the statutory aegis of authority afforded D.A. Cruz by the Massachusetts Legislature.  Mr.

---

[2]       Under section (e)(1) of the Whistleblower Act ". . . if the court finds said action was without basis in law or in fact, the court may award reasonable attorneys' fees and court costs to the employer." G.L. c. 149, § 185(e)(1). This provision of the Whistleblower statute "confers broad power to award attorney's fees, without setting forth criteria for deciding when to award them." *Larch v. Mansfield*, 272 F.3d 63, 75 (1st Cir. 2001); *see also Brunco v. Town of Dracut/Dracut Pub. Schs.*, 2009 Mass. App. Unpub. LEXIS 591, *10-11 (Mass. App. Ct. July 23, 2009) (court affirmed the grant of an attorney's fees award to the municipal defendants on the basis that the trial judge held "the plaintiff did not reasonably believe that her employer had violated any rule, law, or regulation.").  A copy of *Brunco v. Town of Dracut/Dracut Pub. Schs.* is attached hereto as Exhibit A.

Bradley's claims lack factual, legal, and logical support and Defendants are entitled to summary judgment on all remaining counts.

WHEREFORE, Defendants respectfully request that this Court enter summary judgment in their favor on all of the remaining claims in this case with prejudice, and grant Defendants any other relief that the Court deems just and proper.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

Pursuant to Local Rule 7.1(d) Defendants respectfully request oral argument on this Motion.

Respectfully Submitted,

**TIMOTHY J. CRUZ, MICHAEL HORAN, FRANK J. MIDDLETON, and the OFFICE OF THE DISTRICT ATTORNEY FOR PLYMOUTH COUNTY**

By their attorney,
MAURA HEALEY
ATTORNEY GENERAL

By: <u>*/s/ Bret A. Cohen*</u>
Bret A. Cohen
Special Assistant Attorney General
BBO # 637830
Robert Sheridan
Special Assistant Attorney General
BBO # 673829
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
BCohen@mintz.com
RSheridan@mintz.com

Dated:  February 11, 2016

## LOCAL RULE 7.1 STATEMENT

I hereby certify that counsel for the Parties conferred in good faith, and were unable to resolve or narrow the issue.

*/s/ Bret A. Cohen*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2016 a copy of the forgoing document was filed with the Clerk of the District Court using the CM/ECF system, which sent notification of the filing to counsel of record for parties.

*/s/ Bret A. Cohen*
Bret A. Cohen

44826923v.3