# Exhibit 13

Page 229

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
- - - - - - - - - - - - - - - - - - - x
JOHN BRADLEY,
    Plaintiff,
v.
    Civil Action
    No. 1:13-cv-12927-RGS
TIMOTHY J. CRUZ (Individually),
MICHAEL HORAN (Individually),
FRANK J. MIDDLETON (Individually),
And OFFICE OF THE DISTRICT
ATTORNEY FOR PLYMOUTH COUNTY,
    Defendants.
- - - - - - - - - - - - - - - - - - - x

    CONTINUED DEPOSITION of TIMOTHY CRUZ, a witness called by counsel for the Plaintiff, taken pursuant to the Federal Rules of Civil Procedure before Julie A. Mercier, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the offices of Sinsheimer & Associates, 92 State Street, 9th Floor, Boston, Massachusetts, on Monday, August 3, 2015, commencing at 12:25 p.m.

Page 230

1  APPEARANCES:
2
3  SINSHEIMER & ASSOCIATES
4  By Robert S. Sinsheimer, Esq.
5  By Wesley Stoker, Esq.
6  92 State Street, 9th Floor
7  Boston, Massachusetts 02109
8  (617) 722-9954
9  For the Plaintiff.
10
11 MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
12 By Bret A. Cohen, Esq.
13 One Financial Center
14 Boston, Massachusetts 02111
15 (617) 542-6000
16 For the Defendants.
17
18 ALSO PRESENT: John Bradley

Page 231

1      INDEX
2  Deposition of:  Direct  Cross  Redirect  Recross
3  TIMOTHY CRUZ
   By Mr. Sinsheimer 232

    EXHIBITS
 No.                  Page
Exhibit 8  Affidavit         263
Exhibit 9  Affidavit         267
Exhibit 10 Order 7/22/15    278
Exhibit 11 Speech            358
Exhibit 12 Multiple pages of e-mails   386
Exhibit 13 Organizational Responsibilities
          Chart 2011         399

Exhibit 14 Organizational Responsibilities
          Chart 2010         403
Exhibit 15 Organizational Responsibilities
          3/27/12            404

Page 232

    P R O C E E D I N G S
    TIMOTHY CRUZ,

a witness called for examination by counsel for the Plaintiff, being satisfactorily identified by the production of his driver's license, being first duly sworn, was examined and testified as follows:

    DIRECT EXAMINATION
BY MR. SINSHEIMER:
    Q. State your full name, please.
    A. Timothy J. Cruz.
    Q. Mr. Cruz, you're aware, of course, that this is the continuation of a deposition you commenced on March 25, 2015?
    A. Yes.
    Q. You're represented by Mr. Cohen?
    A. Yes.
    MR. SINSHEIMER: Same stipulations, Mr. Cohen, or continuing stipulations?
    MR. COHEN: Yes.
    Q. And, Mr. Cruz, sometime between the taking of the first day of your deposition on

Page 233

1  March 25, 2015 and today, a transcript was made.
2  Were you aware of that?
3      A. Of my testimony?
4      Q. Yes.
5      A. Yes.
6      Q. Have you read a copy of your
7  transcript?
8      A. I went through it.
9      Q. Did you fill out an errata sheet
10 formally?
11     A. I did not.
12     Q. Is there something, anything at all, in
13 your testimony that from memory you would sit here
14 today and say, "I made a mistake I want to
15 correct"?
16     A. Not that I can think of.
17     Q. So if I would ask the flip side, you'd
18 stand by that testimony upon reflection as your
19 positions in this case and your answers to my
20 questions --
21     A. I believe.
22     Q. -- as of March 25, 2015 --
23     A. I believe so.
24     Q. -- as of today?

Page 234

1      A. I believe so.
2      Q. One of the things I believe you said
3  was that you had determined that you were going to
4  terminate Mr. Bradley almost as soon as you
5  received this memorandum that we marked at the
6  deposition, Exhibit 6. Do you recall that
7  testimony?
8      A. I believe so.
9      Q. Well, is that the truth, that's when
10 you decided to terminate John Bradley?
11     A. Yeah. Yes.
12     Q. And at any time prior to the actual
13 termination, did you tell anybody that you've made
14 a determination to terminate Mr. Bradley based
15 specifically on your receipt of Exhibit 6?
16     A. I'm sorry. Could you say that again?
17     Q. Sure. Did you tell anybody that you
18 decided to fire John Bradley as a result of your
19 receipt of that document which is marked
20 Exhibit 6?
21         MR. COHEN: Objection.
22     A. I believe I told Mike Horan.
23     Q. When did you tell Mr. Horan?
24     A. It would have been the day of the

Page 235

1  resignation/termination.
2      Q. In other words, the day that Mr. Horan
3  went to Mr. Bradley and said, "I'm going to ask
4  you to leave," you told Mr. Horan that you'd made
5  a determination to terminate John Bradley?
6      A. That's -- no.
7      Q. My question is really more about the
8  document than it is about -- we're going to get
9  into the termination itself.
10     A. Okay.
11     Q. If I understood your testimony last
12 time, you got this document?
13     A. Yes.
14     Q. And you at that point made a decision,
15 John is not going to work here anymore?
16     A. Yes.
17     Q. But the actual termination date was
18 almost a year later -- 11 months -- 10 months and
19 2 weeks later or so?
20     A. Ballpark.
21     Q. And my question is, who in that
22 intervening period of time, if anyone, did you
23 tell that you had decided to terminate John based
24 specifically upon your receipt of this e-mail?

Page 236

1      A. My wife, I believe.
2      Q. Okay. That's fine.
3      A. And, I believe, Mike Horan.
4      Q. When did you tell Mr. Horan?
5      A. I believe it was the day of the
6  termination --
7      Q. The actual date --
8      A. -- September 28th or something like
9  that.
10     Q. Why don't we jump to that.
11        So on September 28, 2012, Mr. Bradley
12 was terminated?
13     A. Yes.
14     Q. And the person that actually
15 communicated that to Mr. Bradley was Mr. Horan?
16     A. Yes.
17     Q. So I gather you had spoken to Mr. Horan
18 and instructed him to take that action?
19     A. If he didn't resign, yes.
20     Q. All right. Tell me what you said to
21 Mr. Horan.
22     A. Best of my memory is I said, "John had
23 agreed to leave, but now the case is over, but if
24 he doesn't leave, he can't work here anymore."

2 (Pages 233 to 236)