UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BRADLEY,<br><br>        Plaintiff,<br><br>v.<br><br>TIMOTHY J. CRUZ (Individually),<br>MICHAEL HORAN (Individually),<br>FRANK J. MIDDLETON (Individually),<br>& OFFICE OF THE DISTRICT<br>ATTORNEY FOR PLYMOUTH<br>COUNTY,<br><br>        Defendants. | CIVIL ACTION NO. 1:13-cv-12927-IT<br><br>Leave to File Granted:  April 4, 2016 |

### DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO FILE FORTHCOMING MOTION TO STRIKE (OR IN THE ALTERNATIVE IMPOUND) UNDER SEAL

#### INTRODUCTION

Defendants Timothy J. Cruz, Michael Horan, Frank J. Middleton, and the Office of the District Attorney for Plymouth County (the "Office") (together the "Defendants") hereby respond to the Boston Globe Media Partners, LLC's (the "*Boston* Globe") Response to Defendants' Request for Leave to File Forthcoming Motion to Strike (or in the Alternative Impound) Under Seal [ECF No. 122] (the "*Boston Globe's* Motion").  If the *Boston Globe* truly seeks to uncover identities of confidential informants ("CIs") and cooperating witnesses ("CWs"), such an initiative would make any confidential informant think twice about providing critical information to prosecutors and public safety officials in the future.

#### ARGUMENT

Defendants' original Request for Leave to File Forthcoming Motion to Strike (or in the Alternative Impound) Under Seal ("Motion for Leave") [ECF No. 121] set forth the reasons

establishing the good cause necessary to file their forthcoming motion under seal. The *Boston Globe* appears to seek information related to CIs and CWs used by the Office in the administration of justice in Plymouth County. Yet, the *Boston Globe's* Motion concedes that "exceptional circumstances justifying a motion to seal might exist if the information identified a confidential informant." (*Boston Globe's* Motion at p. 5, FN. 2.) This is precisely the information the Defendants seek to protect.

The paragraphs that Defendants seek to strike (or in the alternative impound) use the CIs or CWs names and include additional information about past crimes, alleged crimes, and dealings with the Office that might otherwise reveal their identities. (*See* Defendants' Motion for Leave at pp. 2-3.) The Office's obligation to protect the confidentiality and safety of these individuals, along with its duty to keep the public out of harm's way provide the good cause, which justifies the filing of this forthcoming motion under seal. Defendants have serious concerns that redaction of the CIs' and CWs' names and personal identifying information would not be sufficient to protect their identities, and therefore sought the guidance of the Court in the pursuit of this matter.

Crucially, this information is not yet part of the summary judgment record, and is not officially part of the record "considered by a court in adjudicating the claims and defenses of the parties" that the *Boston Globe* claims to seek. (*Boston Globe's* Motion at p. 1.) Thus, it is not subject to the higher standard the *Boston Globe* alleges applies in its Motion. *See Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1993)(recognizing "ample reason to distinguish materials submitted into evidence from the raw fruits of discovery.").

## CONCLUSION

Defendants respectfully seek leave from this Honorable Court to file their Forthcoming Motion to Strike (Or in the Alternative Impound) under seal.[1]

RESPECTFULLY SUBMITTED,

Defendants,
**TIMOTHY J. CRUZ, MICHAEL HORAN, FRANK J. MIDDLETON, and the OFFICE OF THE DISTRICT ATTORNEY FOR PLYMOUTH COUNTY**

By their attorney,
MAURA HEALEY
ATTORNEY GENERAL

By: */s/ Bret A. Cohen*
Bret A. Cohen
Special Assistant Attorney General
BBO # 637830
Robert Sheridan
Special Assistant Attorney General
BBO # 673829
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
BCohen@mintz.com
RSheridan@mintz.com

DATED: Monday, April 04, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 4, 2016

By: */s/ Bret A. Cohen*

---

[1] Defendants' respectfully request that if the Court deems a hearing would be helpful to address these concerns, that the hearing be held in a manner that addresses the confidential nature of the matters before the Court.