UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BRADLEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:13-cv-12927-IT |
| | * |
| TIMOTHY J. CRUZ et al., | * |
| | * |
| Defendants. | * |

ORDER

May 2, 2016

TALWANI, D.J.

In this action, Plaintiff John Bradley contends that his employment was terminated because of certain whistleblowing activity and because he did not contribute to Defendant Timothy J. Cruz's reelection campaign. Defendants seek summary judgment, asserting that the adverse employment actions Bradley experienced "had nothing to do with his political or whistleblowing activities, and everything to do with his insubordinate and disrespectful behavior" towards Defendant Cruz and the Office of the District Attorney for Plymouth County. Bradley now seeks to demonstrate the "pretextual nature of the Defendants' stated motivations." Specifically, Bradley seeks to demonstrate pretext by showing that Cruz was aware of grave allegations concerning an employee who strongly supported Cruz, and that that employee was not investigated or questioned for seven to eight months after Cruz learned of the allegations.

Defendants have moved to strike, or in the alternative, impound certain paragraphs of Plaintiff's Local Rule 56.1 Statement relating to this issue. Defs.' Sealed Mot. Strike (or in the Alternative Impound) Certain Paragraphs Pl.'s L.R. 56.1 Omnibus Filing [#120]. Defendants

have argued thus far that Cruz's response to the alleged incident is not material because whatever happened occurred more than two years after Plaintiff's termination, and therefore need not be considered by the court in deciding Defendants' summary judgment motion. Defendants contend that, if Plaintiff's allegations are considered, they should be filed under seal because public release would violate the privacy and harm the reputation of the subject of those allegations who has denied their truth.

In addressing the sealing request, the court seeks first to determine whether there is a material dispute as to the underlying details that needs to be addressed on summary judgment. Accordingly, Defendants shall advise the court no later than May 9, 2016, whether they dispute for purposes of summary judgment that: (1) very serious allegations were brought to Cruz's attention, (2) these very serious allegations concerned an employee who strongly supported Cruz, and (3) the employee was not investigated or questioned about the matter for seven to eight months after Cruz learned of the allegations. If Defendants do not dispute these three alleged facts for purposes of summary judgment, the court will allow the motion in part and deny the motion in part. The court will not allow the filing of the contested matters and will instead direct Bradley to limit the details of the incident in his summary judgment opposition and Rule 56.1 statement to the assertions that: very serious allegations were brought to Cruz's attention, these very serious allegations concerned an employee who strongly supported Cruz, and the employee was not investigated or questioned about the matter for seven to eight months after Cruz learned of the allegations. The court will further direct Bradley that no evidence need to be offered in support of these facts except Defendants' statement that the facts are not disputed for purposes of the summary judgment motion. The court will then accept these assertions as true for purposes of the summary judgment motion, will not consider additional details about the alleged incident,

and will determine whether those allegations raise a material fact relevant to Defendants' motion for summary judgment.

The court will further direct that this order be unsealed and that further filings as to the summary judgment motion be limited in accordance with the foregoing.

If Defendants dispute any of the three alleged facts for purposes of summary judgment, the court will refer the motion to a magistrate judge for further determination of whether the material should be filed under seal.

IT IS SO ORDERED.

Date: May 2, 2016 /s/ Indira Talwani
United States District Judge