UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JOHN BRADLEY,

    Plaintiff,

v.

TIMOTHY J. CRUZ (Individually),
MICHAEL HORAN (Individually),
FRANK J. MIDDLETON (Individually),
AND OFFICE OF THE DISTRICT
ATTORNEY FOR PLYMOUTH
COUNTY,

    Defendants.
_____

Civil Action No. 1:13-cv-12927-IT

**DEFENDANTS' MOTION TO STRIKE
PORTIONS OF PLAINTIFF'S OMNIBUS STATEMENT**

I. **PLAINTIFF'S RESPONSE TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT DOES NOT COMPLY WITH THE LOCAL RULES AND THE COURT SHOULD DISREGARD OR DEEM THE NONCOMPLIANT RESPONSES ADMITTED.**

Local Rule 56.1 states:

> Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, *with page references to affidavits, depositions and other documentation* . . . Material facts of record set forth in the statement required to be served by the moving party *will be deemed for purposes of the motion to be admitted* by opposing parties unless controverted by the statement required to be served by opposing parties.

L.R. 56.1. (emphasis added).

A number of Plaintiff's responses to Defendants' undisputed facts appear to controvert the undisputed fact, but either do not contain a record cite or contain inappropriate argument and innuendo. *See Brodin v. Rojas*, No. 11-40179-TSH, 2014 U.S. Dist. LEXIS 39294, at *6-8 (D. Mass. Mar. 25, 2014) (concluding that plaintiff's statement of additional facts did not comply

with the intent of Local Rule 56.1, was "replete with improper commentary and innuendo," "often more argumentative than factual and/or assert legal conclusions" and that many facts were "irrelevant or based on inadmissible evidence" and ruling that the Court would not "consider irrelevant, immaterial, redundant or non-supported facts" in its summary judgment determination); *see, e.g., Farrington*, No. 01-274-P-H, 2003 U.S. Dist. LEXIS 1938, at *9-11 (granting motion to strike certain facts in statement of material facts for lack of record citations, certain others as not supported by admissible evidence, and certain others as based on speculation). Defendants respectfully request that the Court deem these deficient responses admitted or otherwise disregard them for the purposes of summary judgment.

> A. **Plaintiff's Responses to ¶¶ 13, 14, 28, and 29 Should Be Deemed Admitted Because Plaintiff's Omnibus Statement Does Not Controvert the Undisputed Facts.**

Plaintiff does not controvert the following paragraphs in his Omnibus Statement, and they should be deemed admitted:

Defendants' L.R. 56.1 ¶ 13:

> By 2011, notwithstanding the fact that Mr. Bradley's relationships with the D.A. and Mr. Middleton devolved, Mr. Bradley continued to be the Deputy First Assistant and Chief District Court Prosecutor. (ECF Nos. 1 at ¶ 8; 12 at ¶¶ 8, 11; Flanagan Dep. Tr. [1] 10:4-13; Timothy J. Cruz March 25, 2015 Dep. Tr.[2] 177:14-21; Horan Dep. Tr. 59:12-21[3].)

Plaintiff's Response to ¶ 13:

> There is a material question of fact. Bradley's disagreements were, for the most part, with Middleton. *See*, (Plaintiff's Additional Facts, "Core Whistleblower Facts," pp.17-20, *infra*.)

This response does not actually controvert Defendants' undisputed fact, and it should be deemed admitted or otherwise disregarded for purposes of summary judgment.

---

[1] Excerpts from the Flanagan Dep. Tr. are attached as Ex. 3 to the Sheridan Decl.
[2] Excerpts from the Cruz Mar. 25 Dep. Tr. are attached as Ex. 6 to the Sheridan Decl.
[3] Excerpts from the Horan Dep. Tr. are attached as Ex. 7 to the Sheridan Decl.

Defendants' L.R. 56.1 ¶ 14:

> Notwithstanding Mr. Bradley's relatively high status positions he demonstrated disrespect for Mr. Cruz, his policies, and the District Attorney's Office itself. For example, in January 2011, Mr. Bradley did not participate in a senior staff meeting and was witnessed rolling his eyes outside the doorway while the D.A. reviewed office policies with his staff. (Donatelle Dep. Tr. p. 57:14-59:2[4]; Christine Kiggen Dep. Tr.)[5]

Plaintiff's Response to ¶ 14:

> There is a material question of fact. Bradley acknowledged that he and Cruz occasionally had disagreements and robust debate over important office issues. *See*, (Plaintiff's Additional Facts, "Core Whistleblower Facts," pp. 17-20, *infra*.)

This response does not actually controvert Defendants' undisputed fact and it should be deemed admitted or otherwise disregarded for purposes of summary judgment.

Defendants' L.R. 56.1 ¶ 28:

> The moment D.A. Cruz received the "I am not your child email" he decided that Mr. Bradley could no longer work in the District Attorney's Office because of Mr. Bradley's level of disrespect for D.A. Cruz and the District Attorney's Office. (Cruz Mar. 25 Dep. Tr. 167:20-168:3.)

Plaintiff's Response to ¶ 28:

> There is a material question of fact, the statement is categorically false. *See*, Plaintiff's Additional Facts, "The Reasons Proffered for Termination Are Pretextual," pp. 21-25, *infra*.)

This response does not actually controvert Defendants' undisputed fact and it should be deemed admitted or otherwise disregarded for purposes of summary judgment.

Defendants' L.R. 56.1 ¶ 29:

> D.A. Cruz alone made the decision to terminate Mr. Bradley, and he did so "pretty much the moment that [he] got the 'I am not your child' e-mail" and "when [Mr. Bradley] didn't resign as he said he would at our meeting on or about November 21 of 2011." (Cruz Mar. 25 Dep Tr. 149:7-12; 150:7-13; Cruz Aug. 3 Dep. Tr. 234:2-11[6].)

---

[4] Excerpts from the Donatelle Dep. Tr. are attached as Ex. 5 to the Sheridan Decl.
[5] Excerpts from the Kiggen Dep. Tr. are attached as Ex. 8 to the Sheridan Decl.
[6] Excerpts from the Cruz Aug. 3 Dep. Tr. are attached as Ex. 13 to the Sheridan Decl.

3

Plaintiff's Response to ¶ 29:

> There is a material question of fact, the statement is categorically false. *See*, (Plaintiff's Additional Facts, "The Reasons Proferred for Termination Are Pretextual," pp. 21-25, *infra*).

This response does not actually controvert Defendants' undisputed fact and it should be deemed admitted or otherwise disregarded for purposes of summary judgment.

    **B.    Plaintiff's Responses to Paragraphs 12, 15, and 65 Should Be Disregarded Because Plaintiff's Omnibus Statement Is Not Properly Supported By the Summary Judgment Record.**

Plaintiff's responses to the following paragraphs lack record citations violating L.R. 56.1 and should therefore be deemed admitted or otherwise disregarded for the purposes of summary judgment.

Defendants' L.R. 56.1 ¶ 12:

> Indeed, by 2006, Mr. Bradley, for all practical purposes, stopped speaking to Mr. Middleton. (F. Middleton Dep. Tr.[7] 153:4-7; Donatelle Dep. Tr. 42:16-21; Flanagan Dep. Tr. 10:4-13.)

Plaintiff's Response to ¶ 12:

> There is a material question of fact. Bradley was always civil and courteous to Middleton, and spoke with him often, when necessary. (Tr. F. Middleton, pp. 153-154.)

Plaintiff's cited testimony for this "response" does not support his contention. Thus, Defendants' ¶ 12 should be deemed admitted or otherwise disregarded.

Defendants' L.R. 56.1 ¶ 15:

> In January 2011, Mr. Bradley also sent a disrespectful email about D.A. Cruz to a fellow prosecutor stating "[t]hat was our wimp of a D.A. trying to provide some cover for our crazy first assistant. . ." (Bradley Dep. Tr. Vol. II[8] 190:5-15; Dep. Ex. 23.)

---

[7] Excerpts from the F. Middleton Dep. Tr. are attached as Ex. 4 to the Sheridan Decl.
[8] Excerpts from the Bradley Dep. Tr. Vol. II are attached as Ex. 9 to the Sheridan Decl.

4

Plaintiff's Response to ¶ 15:

> There is a material question of fact. Bradley admits sending the email in question, but denies that it was disrespectful. (Bradley Dep. Tr. Vol. II 190-191.)

Plaintiff's cited testimony for this "response" does not support his contention. Plaintiff conveniently does not cite p. 191:20-192:4 of his transcript which contains the following exchange:

> (By Mr. Cohen) Q. And you and I can agree that calling Timothy Cruz to a colleague a wimp is not respectful; is that right?
>
> (By Mr. Bradley) A. No.
>
> Q. No, it's not? Or no, you agree with me that it is not respectful?
>
> A. No. The conversation, again, was not involving Mr. Cruz, but it wasn't, certainly wasn't complimentary or respectful of him.

Thus, Defendants' ¶ 15 should be deemed admitted.

Defendants' L.R. 56.1 ¶ 65:

> Not only did Mr. Bradley not attend this meeting, he was witnessed rolling his eyes at the attorneys who did attend. (Kiggen Dep. Tr. 15:18-16:3.)

Plaintiff's Response to ¶ 65:

> There is a material question of fact. Bradley attended the meeting.

Plaintiff does not provide any record cite for this response as required by L.R. 56.1. Thus, Defendants' ¶ 65 should be deemed admitted.

## CONCLUSION

Defendants respectfully request that the Court strike or otherwise disregard ¶¶ 12, 13, 14, 15, 28, 29, and 65 because these paragraphs either do not contain a record cite or contain inappropriate argument and innuendo and, therefore, do not comply with the Local Rules.

Respectfully Submitted,

Defendants,
TIMOTHY J. CRUZ, MICHAEL HORAN,
FRANK J. MIDDLETON, and the OFFICE
OF THE DISTRICT ATTORNEY FOR
PLYMOUTH COUNTY

By their attorney,
MAURA HEALEY
ATTORNEY GENERAL

By: */s/ Bret A. Cohen*
Bret A. Cohen
Special Assistant Attorney General
BBO # 637830
Robert Sheridan
Special Assistant Attorney General
BBO # 673829
Mintz, Levin, Cohn, Ferris,
Glovsky And Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
BCohen@mintz.com
RSheridan@mintz.com

## LOCAL RULE 7.1 STATEMENT

I hereby certify that counsel for the Parties conferred in good faith, and were unable to resolve or narrow the issue.

                                              */s/ Bret A. Cohen*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2016 a copy of the forgoing document was filed with the court through ECF and will be sent electronically to counsel of record.

                */s/ Bret A. Cohen*
                Bret A. Cohen