# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ———————————————————— | ) | Civil Action No. 1:13-cv-12927 |
| JOHN BRADLEY, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| TIMOTHY J. CRUZ (Individually), | ) |  |
| MICHAEL HORAN (Individually), | ) |  |
| FRANK J. MIDDLETON (Individually), | ) |  |
| And OFFICE OF THE DISTRICT | ) |  |
| ATTORNEY FOR PLYMOUTH | ) |  |
| COUNTY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| ———————————————————— | ) |  |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S OMNIBUS STATEMENT

The Plaintiff, John Bradley, opposes the Defendants' motion to strike portions of his L.R. 56.1 Omnibus Statement.

The Defendants have attempted several times now to limit the information contained in Plaintiff's L.R. 56.1 statement and supporting documentation.  Defendants now move to strike paragraphs 13, 14, 28, 29, 85, and 86 claiming that Plaintiff's responses "do not actually controvert Defendants' undisputed fact" for each of the above cited paragraphs.

The Defendants' claims are misplaced.  For each of the above paragraphs, Plaintiff responded by stating "[t]here is a material question of fact."  Thus, Plaintiff clearly controverts the facts contained in paragraphs 13, 14, 28, 29, 85, and 86. There is no question about it.

Defendants' real argument is a suggestion that the "back-up" is insufficiently cited. However, in its response to each above cited paragraph, Plaintiff cites to other sections of "Plaintiff's Additional Facts" contained in the same document, which clearly demonstrate a contrary position to the Defendants alleged undisputed facts.  The rule requires only that the citation be to material "in the record."  See L.R. 56.1[1]  To deem paragraphs 13, 14, 28, 29, 85, and 86 admitted would raise form over substance and unfairly prejudice the Plaintiff.  Thus, the above paragraphs should not be deemed admitted or disregarded.

Defendants also claim that the responses to paragraphs 12, 15, and 65 ought to be deemed admitted stating that they are unsupported by the record. As to paragraph 12, Plaintiff does not really understand the phrase "for all practical purposes," but certainly denies any refusal to speak with Middleton when necessary.  Such position is consistent with the cited reference to Mr. Middleton's deposition transcript.  *See*  Plaintiff's Exhibit 18- Tr. F. Middleton, pp. 153-154.

As to number 15, Bradley admits sending the email.  However, the email was NOT sent TO Cruz, thus, it could not be deemed in any way a statement disrespectful TO Mr. Cruz.  The statement is no more than the type of gossip (respectful or otherwise) that was limited to the proverbial "water cooler" until the advent of email. It cannot be a surprise to anyone that an employee momentarily grumbles about an employer in perceived confidence.  Litigation over this point only serves to establish the Defense's desperation to find something nefarious to "pin on Bradley."

Defendants claim that paragraph 65 should be deemed admitted because it is unsupported by the record. However, Defendants' own citation supports the fact that Mr. Bradley was in fact

---

[1]      Local Rule 56.1 goes on to mention various ways in which a record can be established; i.e. interrogatories, depositions, pleadings, etc. but this list is a set of suggestions.

at the meeting, although he could not fit in the room due to the number of staff in attendance. *See* Tr. C. Kiggen p. 16.

## CONCLUSION

For the above reasons the motion to strike should be denied.

RESPECTFULLY SUBMITTED:
PLAINTIFF

John Bradley
By and through his attorneys,

*/s/ Robert S. Sinsheimer*_____
Robert S. Sinsheimer, BBO# 464940
Wesley B. Stoker, BBO# 692159
SINSHEIMER & ASSOCIATES
92 State Street, 9th Floor
Boston, MA 02109
T: (617) 722-9954

Dated: July 6, 2016

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of this document by electronic filing, on July 6, 2016, to all parties that participate in the ECF system and by first class mail to all parties not listed on the ECF system.

*/s/ Wesley B. Stoker*__
Wesley B. Stoker