UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN BRADLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:13-cv-12927-IT |
| | * | |
| TIMOTHY J. CRUZ, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

July 31, 2017

TALWANI, D.J.

Pending before the court is Plaintiff John Bradley's Emergency Motion to Strike Defendant [Frank Middleton]'s Motion for Summary Judgment as Untimely Filed [#228]. The underlying motion filed by Middleton, together with another motion filed by Defendant Timothy Cruz, seek summary judgment on grounds of qualified immunity.

The Emergency Motion to Strike necessitates review of the procedural history of this almost four year old case. On November 15, 2013, Plaintiff filed this action against Defendants Cruz, Middleton, the Plymouth County District Attorney's Office, and Michael Horan for claims arising out of Bradley's employment, and termination of employment. Compl. [#1]. Defendants did not raise qualified immunity in their Answer [#12] or renewed Motion to Dismiss [#35].

Discovery closed on October 1, 2015. Electronic Order [#89]. The court initially bifurcated summary-judgment motion practice into issues of liability and damages, with motions related to liability due no later than January 21, 2016, or 14 days after resolution of the last-filed motion to impound. Order ¶ 3 [#107]. The final motion to impound, filed before a motion for summary judgment was filed, was resolved on January 29, 2016. Order [#113]. Defendants'

1

Motion for Summary Judgment [#114] as to liability initially was filed February 11, 2016. Following further motion practice on issues related to impoundment, Defendants renewed their Motion for Summary Judgment [#131] on April 8, 2016. After resolution of additional motion practice on impoundment issues, the court allowed the motion for summary judgment in part and denied it in part on March 30, 2017. Mem. & Order [#207]. Thereafter, the court adopted a schedule for expert discovery and motions *in limine* on damages, Electronic Order [#223], and set a January 8, 2018, trial date. Electronic Clerk's Notes [#220].

On May 16, 2017, Middleton filed a Motion for Summary Judgment Based on Qualified Immunity [#224], and the following day, Bradley filed the Emergency Motion to Strike Defendant[] [Middleton's] Motion for Summary Judgment as Untimely Filed [#228] now before the court. On June 20, 2017, Cruz filed a Motion for Summary Judgment Based on Qualified Immunity [#241], which relies on Middleton's motion for summary judgment "and the documents submitted in support thereto." Three days later, Bradley filed a Response to Defendant Timothy Cruz's Motion for Summary Judgment [#243], stating that Cruz's motion "should be stricken from the record for the same reasons set forth in" Bradley's Emergency Motion. The Emergency Motion is opposed by both Middleton and Cruz. Def. Frank J. Middleton's Opp. Pl.'s Mot. Strike Def.'s Mot. Summ. J. Based on Qualified Immunity [#235]; Def. Timothy J. Cruz's Resp. "Pl.'s Resp. to Def. Timothy Cruz's Mot. Summ. J." [#244].

Rule 56(b) provides that, "[u]nless a different time is set by local rule[1] or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Here, discovery closed on October 1, 2015, so that summary judgment motions were due by Rule on November 1, 2015, and per the court's scheduling

---

[1] Local Rule 56.1 is silent with respect to the timing of a summary-judgment motion.

orders, February 12, 2016 (14 days after January 29, 2016, when the court resolved the first round of motions to impound).

In Guzmán-Rivera v. Rivera-Cruz, 98 F.3d 664 (1st Cir. 1996), the First Circuit explained that "defendants may raise a claim of qualified immunity at three distinct stages of the litigation:" (1) in a motion to dismiss, (2) in a motion for summary judgment, or (3) at trial. Id. at 667. Failure to argue the defense at one stage does not necessarily foreclose the defendant from arguing it in another. Id. at 669.[2]

The First Circuit has held that "the defense of qualified immunity may be deemed to have been waived [at the summary-judgment stage] if it is not raised in a diligent manner during the post-discovery, pre-trial phase." Id. at 668. It reasoned that, absent the application of waiver, defendants may strategically use the defense as a delay tactic. Id.; see id. at 667 ("Witnesses may become unavailable, memories may fade, attorneys['] fees accumulate, and deserving plaintiffs' recovery is delayed . . . Delay is also costly to the court system, demanding more time and energy from the court and retarding the deposition of cases."). Accordingly, the First Circuit held that the district court has discretion to deny motions for summary judgment on the basis of qualified immunity if not filed expeditiously. Id. at 668.

Here, fact discovery closed in this case on October 1, 2015, summary judgment motions as to liability were due by February 12, 2016, and were resolved in March 2017, following extensive motion practice during which no party raised a qualified-immunity defense. See, e,g,

---

[2] Despite this broad language, "[q]ualified immunity is an affirmative defense . . . [that] is generally lost unless it is raised in the pleadings." Ringuette v. City of Fall River, 146 F.3d 1, 4 (1st Cir. 1998). Because Plaintiff does not raise Defendants' failure to plead the affirmative defense in their Answer, and because Defendants could try to meet Rule 15 standards in a motion to amend their Answer, see id., the court assumes for purposes of this motion regarding the timing of the summary judgment motion that an affirmative defense was properly pled in Defendants' Answer.

3

Motion for Summary Judgment [#131]. A second round of summary judgment – filed more than one year after their due date -- would result in an undue burden on the court and would risk further delay in the proceedings. Based on these facts, Middleton and Cruz have waived the defense of qualified immunity at the summary-judgment stage.

For the above-stated reasons:

1. Bradley's Emergency Motion to Strike Defendant's Motion for Summary Judgment as Untimely Filed [#228] is ALLOWED and

2. Defendant Frank J. Middleton's Motion for Summary Judgment Based on Qualified Immunity [#224] and Defendant Timothy J. Cruz's Motion for Summary Judgment Based on Qualified Immunity [#241] are DENIED as untimely filed.

IT IS SO ORDERED.

Date: July 31, 2017 /s/ Indira Talwani
United States District Judge