UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN BRADLEY,     *
                            *
       Plaintiff,     *
                            *
   v.                         *     Civil Action No. 1:13-cv-12927-IT
                            *
TIMOTHY J. CRUZ, et al.,     *
                            *
       Defendants.     *

MEMORANDUM AND ORDER

August 10, 2017

TALWANI, D.J.

Plaintiff John Bradley brought three state law claims against Defendant Office of the District Attorney for Plymouth County ("D.A.'s Office"): Breach of the Covenant of Good Faith and Fair Dealing (Count IV); Wrongful Termination in Violation of Public Policy (Count V); and Violation of the Massachusetts Whistleblower Act, Mass. Gen. Laws ch. 149, § 184 (Count VI). Compl. and Jury Demand 12-14 [#1]. In 2014, the court dismissed Count IV on the D.A.'s Office's motion under Federal Rule of Civil Procedure 12(b)(6). Mem. & Order [#48].[1] The D.A.'s Office has now filed a Motion to Dismiss Counts V and VI [#236] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground of Eleventh Amendment sovereign immunity. After inquiry from the court, Order [#248], the D.A.'s Office has additionally requested that the court dismiss Plaintiff's claim for breach of the covenant of good

---

[1] The Motion to Dismiss [#35] was filed by Defendants D.A.'s Office, Timothy Cruz and Frank Middleton. Defendants Cruz and Middleton are not parties to the pending motion.

faith and fair dealing pursuant to 12(b)(1) based on Eleventh Amendment sovereign immunity. Office of the Dist. Att'y for Plymouth Cty.'s Resp. to the Court's Aug. 1, 2017 Order [#249].

Rule 12(b)(1) is "[t]he proper vehicle for challenging a court's subject-matter jurisdiction," including on the basis of sovereign immunity. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). The motion may be raised at any time during the course of the litigation. Aversa v. United States, 99. F.3d 1200, 1209 (1st Cir. 1996). With exceptions not relevant here, in ruling on Rule 12(b)(1) motion, the court "credit[s] the plaintiff's well-pleaded factual allegations" and "draw[s] all reasonable inferences from them in [the plaintiff's] favor." Valentin, 254 F.3d at 363. The Eleventh Amendment bars suit "against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State" in federal court, absent its consent. U.S. Const. amend. XI. Its purpose "is to accord the States the respect owed them as joint sovereigns[,] . . . and it is concerned not only with the States' ability to withstand suit, but their privilege not to be sued." Vaqueria Tres Monjitas, Inc. v. Pagan, 748 F.3d 21, 26-27 (1st Cir. 2014) (internal quotations omitted). Eleventh Amendment immunity "extends to any entity that is an 'arm of the state.'" Wojcik v. Massachusetts State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002) (quoting In re San Juan Dupont Plaza Hotel Fire Litig., 888 F.2d 940, 942 (lst Cir. 1989)).

Bradley does not appear to dispute that the D.A.'s Office is an arm of the state.[2] Instead, he argues that the D.A.'s Office waived its defense through affirmative litigation conduct.

---

[2] In Miller v. City of Boston, 297 F. Supp. 2d 361, 369 (D. Mass. 2003) (Tauro, J.), the court found that the Office of the District Attorney for the Suffolk District constituted a state agency for the purposes of sovereign immunity:

> Its predominant function is to appear for the [C]ommonwealth . . . in all . . . criminal [and] civil cases that are pending within its district. In addition, the Attorney General has supervisory authority

2

Bradley also argues that the D.A.'s Office has filed this motion as a part of the remaining Defendants' "joint hyper-technical strategy aimed at creating a split of the claims." Pl.'s Opp. to Def. Cruz [*sic*] Mot. Dismiss 2 ["Pl.'s Opp."] [#238].

A state may waive its immunity in three ways: "(1) by a clear declaration that it intends to submit itself to the jurisdiction of a federal court or administrative proceeding; (2) by consent to or participation in a federal program for which waiver of immunity is an express condition; or (3) by affirmative conduct in litigation." Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. González-Feliciano, 695 F.3d 83, 103 (1st Cir. 2012) (quoting New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004)). "The 'test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985). A state may raise the sovereign-immunity defense during any phase of the litigation. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 n.8 (1984); see also Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006).

"[W]here a state voluntarily becomes a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the [Eleventh] Amendment." Maysonet-Robles v. Cabrero, 323 F.3d 43, 52 (1st Cir. 2003) (quoting Gunter v. Atlantic Coast Line R.R., 200 U.S. 273, 284 (1906)). "[A] State's waiver of its Eleventh Amendment immunity through conduct in litigation must be

---

> over all district attorneys and can take charge of cases that are being handled by the district attorneys. What is more, the salaries of the district attorneys, their assistants, and their employees are paid by the Commonwealth. The district attorneys must also account to the Commonwealth for their expenses. And, although the offices of the district attorneys are, for the most part, divided by county, some of the offices transcend county lines.

Id. at 368-69 (internal quotation marks and footnotes omitted).

3

'unambiguous' and 'evince a clear choice to submit [its] rights [to] adjudication by the federal courts." Consejo de Salud, 695 F.3d at 103 (quoting Ramos-Piñero v. Puerto Rico, 453 F.3d 48, 52 (1st Cir. 2006)). A state waives its Eleventh Amendment immunity only "when it voluntarily entreats a federal court to adjudicate its rights." Id. at 104. The waiver-by-litigation-conduct doctrine is grounded in "the judicial need to avoid inconsistency, anomaly, and unfairness." Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 (2002). For example, "[a] state voluntarily invokes federal jurisdiction when . . . it files a claim in the bankruptcy court . . . or when it chooses to intervene in federal-court litigation," Bergemann v. Rhode Island Dep't of Envtl. Mgmt., 665 F.3d 336, 340 (1st Cir. 2011) (citing Gardner v. New Jersey, 329 U.S. 565, 574 (1947) and Clark v. Barnard, 108 U.S. 436, 447-48 (1883)); when it removes to federal court a state-law claim for which the state's immunity has been waived or abrogated in state court, id. at 341 (citing Lapides, 535 U.S. at 620); or when it files a counterclaim and third-party complaint, Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Auth., 744 F.2d 880, 886 (1st Cir. 1984). However, a state does not engage in affirmative litigation conduct merely by defending itself after being sued in federal court. Consejo de Salud, 695 F.3d at 103. For instance, filing an answer to a complaint and conducting discovery is not sufficient to amount to waiver. Rhode Island Dep't of Envtl. Mgmt. v. United States, 304 F.3d 31, 49 (1st Cir. 2002).

Bradley relies on Ku v. Tennessee, 322 F.3d 431 (6th Cir. 2003), for the proposition that "appearing without objection and defending on the merits in a case over which the district court otherwise has original jurisdiction is a form of voluntary invocation of the federal court's jurisdiction that is sufficient to waive a State's defense of Eleventh Amendment immunity." Id. at 435. However, this does not comport with First Circuit precedent. The Sixth Circuit based its holding in Ku on its conclusion that,

> by creating a clear rule of waiver by removal [in Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613,] the Supreme Court has unequivocally rejected the view that, in cases over which the federal court otherwise has original jurisdiction, the additional 'jurisdictional bar' erected by the Eleventh Amendment should be treated as a matter of 'subject matter' jurisdiction rather than 'personal' jurisdiction.

Id. The First Circuit has not read Lapides so broadly. See Maysonet-Robles, 323 F.3d at 50 & n.5 ("As to jurisdiction, while the Eleventh Amendment has been described as a jurisdictional bar with a 'hybrid nature,' similar in some respects to personal jurisdiction and to subject matter jurisdiction in others, it is on all fours with neither . . . . Although Lapides . . . addressed some of Justice Kennedy's concerns [set forth in his concurrence in Wisconsin Department of Corrections v. Schacht, 524 U.S. 381 (1998), that treating Eleventh Amendment sovereignty in the same manner as personal jurisdiction would eliminate the unfairness that results when a state raises immunity for the first time on appeal], its relatively narrow holding did not alter the hybrid nature of the Eleventh Amendment."); see also Bergemann, 665 F.3d at 341 (declining to apply Lapides beyond the context of state-law claims in which the state's immunity in state court has been waived or abrogated, and rejecting other circuits' interpretations of Lapides as creating a bright-line rule that a state's removal of any claim to federal court constitutes waiver-by-litigation conduct). Further, after the Supreme Court issued its decision in Lapides, the First Circuit has continued to recognize that a state may raise the defense of Eleventh Amendment immunity at any time. Diaz-Fonesca, 451 F.3d at 33.

Similarly, because a state may raise the sovereign-immunity defense at any stage of litigation, id., the doctrine of judicial estoppel is inapposite. While the D.A.'s Office could have avoided protracted litigation by raising the issue of Eleventh Amendment immunity earlier in the proceedings, it is not barred from doing so now because it previously defended this action on

5

other grounds.

Bradley argues that the D.A.'s Office voluntarily invoked the court's jurisdiction by seeking attorneys' fees and stating that the court had "broad power" to award them; seeking multiple protective orders; filing motions to strike portions of Bradley's draft Local Rule 56.1 statement; and seeking sanctions against Bradley. Pl.'s Opp. 4-5. Bradley contends that such conduct is "roughly analogous to the assertion of counterclaims." Id. at 5. The actions are not analogous. In the motion practice cited by Bradley, the D.A.'s Office was not voluntarily invoking the court's jurisdiction so it could affirmatively bring new claims not previously before the court. Instead, the D.A.'s Office filed the aforementioned motions in response to the claims Bradley had filed and the issues that stemmed from their litigation. Even the motion for sanctions did not assert new claims; it related directly to events arising from summary-judgment motion practice, and in any event was withdrawn.

Nor does the D.A.'s Office's motion amount to an impermissible effort to split the claims or forum shop. As it has not waived its immunity in federal court, the D.A.'s Office cannot be required to litigate Bradley's claims here. Bradley has not pointed to, nor has this court unearthed, any precedent to support his argument that the federal court may not dismiss a state defendant with a colorable defense of immunity in federal court because the plaintiff may have to litigate claims in two forums.

Because the D.A.'s Office is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution, the Motion to Dismiss Counts V and VI [#236] and the request to dismiss count IV [#249] for lack of subject matter jurisdiction are ALLOWED, the court's Memorandum & Order [#48] is VACATED as to the dismissal of Count IV for failure to state a claim, and Counts IV, V and VI are DISMISSED without prejudice

pursuant to Rule 12(b)(1).

       IT IS SO ORDERED.

Date: August 10, 2017                                                             /s/ Indira Talwani
                                                                                        United States District Judge